THE STATE v. FORSYTHE *et al.*, *Appellants.*

1. **Landlord and Tenant**: DIVISION OF CROPS: RIGHT OF LANDLORD TO GO UPON LEASED PREMISES. Where a tenant holds under a verbal lease giving him half the crop grown upon the land and allowing him and the landlord the equal right to dig and use the potato crop for family use during the season, the landlord may, without violating the rights of the tenant, go upon the leased premises and request a division of the crop, to the end that each might not encroach upon the other's rights.

2. **Practice**: TERMS OF LEASE. If the terms of a verbal lease are doubtful from the evidence, it should be left to the jury to determine them.

3. **Criminal Law** : RIGHT TO PROTECT PROPERTY. A man may lawfully defend his property in possession by any degree of force short of the taking of life, necessary to make the defence effectual; but he should not resort to means reasonably calculated to endanger life.

4. **Practice** : INSTRUCTION : LAWFUL MANNER. The use of the words "in a lawful manner" in an instruction furnishes no guide to the jurors, but leaves them to determine the law as well as the facts.

5. **Criminal Law** : PRACTICE : EVIDENCE. In a prosecution of two persons for assault with intent to kill, under Revised Statutes, section 1262, evidence of a difficulty between the prosecuting witness and one of the defendants, growing out of the same matter that led to the assault, half an hour before the assault, is competent as against that defendant. Malice aforethought being an issue, it is admissible as tending to show the state of feeling between the parties.

6. **Practice, Criminal** : REMARKS OF PROSECUTING ATTORNEY. Where the prosecuting attorney uses improper language in his closing argument, the attention of the court ought to be called to it at the time, and it is too late to make objection for the first time in the motion for new trial.

| 89 | 667 |
| --- | --- |
| 97 | 675 |
| 89 | 667 |
| 101 | 246 |
| 40a | 649 |
| 89 | 667 |
| 106 | 196 |
| 106 | 229 |
| 89 | 667 |
| 115 | 630 |
| 89 | 667 |
| 121 | 599 |
| 124 | 410 |
| 89 | 667 |
| 153 | 556 |
| 82a | 154 |
| 89 | 667 |
| 158 | 33 |

*Appeal from Henry Circuit Court.*—Hon. James B. Gantt, Judge.

Reversed.

*M. A. Fyke* for appellants.

(1)  The evidence of the difficulty between McCaw and James Forsythe in the morning should not have been admitted.  That difficulty had nothing to do with the one which afterward took place in the potato patch. (2) Instruction number six is erroneous because it left the jury to determine what was a lawful manner, to determine questions of law.  It has never been held that a mere threatened trespass upon property, or a threatened violation of "rights" will justify a resort to force. *State v. Zellers*, 2 Halst. 220.  "As no trespass upon property will primarily justify the taking of life, so an offer to commit a trespass cannot justify an assault with a deadly weapon accompanied by a threat to kill unless the party desists.  The means adopted are disproportioned to and not sanctioned by the end sought." *Morgan's Case*, 3 Ired. 186 ; *Myerfield's Case*, Phillips [N. C.] 108 ; *Smith's Case*, 39 Miss. 521 ; *Hairston v. State*, 54 Miss. 689 ; *State v. Gilman*, 69 Maine, 163 ; Wharton Am. Crim. Law, sec. 1284 ; Russell on Crimes, 663 ; *State v. Culler*, 82 Mo. 623 ; *Harrison v. State*, 24 Ala. 67 ; *Com. v. Drew*, 4 Mass. 391 ; *Reg. v. Murphy*, 2 Crawf. & Dix C. C. 20.  Neither may a man use a deadly weapon in defence of his property, not his dwelling house, against a bare trespasser.  Cases above cited ; *State v. Vance*, 17 Iowa, 146 ; *State v. Montgomery*, 22 N. W. Rep. 639.  (3) The court did not fully instruct the jury.  (4) The remarks of the prosecuting attorney were highly improper. *Brow v. State*, 1 Western Rep. 180 ; *State v. Mahly*, 68 Mo. 315.

*B. G. Boone,* Attorney General, for the state.

The testimony as to the difficulty in the morning between McCaw and James Forsythe was properly admitted to show the feeling existing between them before the difficulty afterwards. *State v. Mahly,* 68 Mo. 315; *State v. Lewis,* 80 Mo. 110. The remarks of the prosecuting attorney were not objectionable even if exceptions had been properly made. *State v. Guy,* 69 Mo. 430. No objections were made nor exceptions saved during the progress of the trial and it is too late to object here for the first time. *State v. McDonald,* 85 Mo. 539 and cases cited. The sixth and seventh instructions as to McCaw's rights on his premises were proper. *People v. Payne,* 8 Cal. 341; *People v. Hubbard,* 24 Wend. 369; *Harrington v. People,* 5 Barb. 611.

BLACK, J.—The defendants, father and son, were indicted, Edward Forsythe for an assault with intent to kill David McCaw, and James for being present, aiding and abetting Edward. The assault is alleged to have been made by Edward by shooting at McCaw with a loaded pistol. The difficulty occurred in a potato patch on a farm rented by McCaw of James Forsythe. For the state, the evidence tends to show that McCaw ordered the defendants away from and off the premises, when James Forsythe struck at McCaw with a sack containing some tools for stretching wire fence, and to ward off the blow McCaw struck at and hit James Forsythe, and then Edward shot. For the defence the evidence is that McCaw made the first assault, with a club three or four feet long and as large as a man's wrist, on James Forsythe, knocking him down upon his knees, and that Edward only shot when McCaw pressed upon him and said, in an enraged and threatening tone, "I'll knock your brains out too."

1.  The most important question in the case arises out of the fifth instruction given by the court of its own motion for the state.   This instruction told the jury that if "the prosecuting witness was at his house, on a place of which he had the lawful possession as a tenant, and that the defendants came into such inclosure so rented by him and then and there commenced an attack on David McCaw, or to violate his rights as such tenant, by insisting on or trying to divide a certain potato crop against his will, then said McCaw had a right to command said defendants to leave said premises in a lawful manner, and to remove them, if necessary, using no more force than was necessary; and if said McCaw only used such force as was necessary, and in a lawful manner, then this would not justify defendants or either of them in attempting to shoot or kill him.   But if," etc.

If the agreement was, as testified to by the witnesses for the defence, that each party to the verbal lease should have half of the potatoes with the right to use and dig therefrom for family use during the season, then Forsythe and his son had a right to go upon the premises and request a division of the crop to the end that each might not encroach upon the other's rights.   The latter part of the fifth instruction, not quoted, presents this view of the case.   The part of the instruction above noted is, however, erroneous.   In the first place it should have been left to the jurors to determine what the terms of the verbal lease were.   It does not follow, as this instruction states, that because the tenant had the *lawful possession* of the premises, that it was a violation of his rights for the landlord to go upon them, and seek a division of the crop.   The possession of the tenant may be a lawful possession, and yet not exclude the rights of the landlord claimed in this case.

But if the terms of the lease, which are left in much doubt on the evidence for the state as preserved in this record, should be such as to give the tenant the exclus-

ive possession of the premises with no right of the land-lord to have a division of the potatoes in the field, still the instruction is not properly guarded and qualified. It includes the proposition that if the defendants were insisting on or trying to divide the potatoes, then McCaw might remove them and to that end use all the force necessary, but no more. "A man may lawfully defend his property in possession by any degree of force short of the taking of life, necessary to make the defence effectual." Bish. on Crim. Law [6 Ed.] sec. 861. And in the next section the author, in speaking of the right of one to defend his property as distinguished from the defence of his person, says: "Yet, consistent with this proposition, is another, that one in the defence of his property should not resort to means reasonably calculated to endanger life." The principle of the qualification as thus stated is recognized in *Roberts v. State*, 14 Mo. 138. Under the instruction as given, when applied to the evidence as it stood in this case, the jurors might well have concluded that McCaw had a right to violently assault the defendants with such a dangerous weapon as that described by many of the witnesses, for the sole purpose of removing them from the premises. This cannot be the law. In view of the conflicting evidence in this case the instruction should have contained the qualification before noted. The court doubtless designed to present this qualification by saying that if McCaw only used such force as was necessary, and in a lawful manner, then that would not justify defendants in shooting at him. But the use of the words *in a lawful manner* furnished no guide for the jurors. They were thereby left to determine what would be a lawful manner, to determine the law as well as the fact. As to the sixth instruction it can be made to harmonize with what has been said as to the fifth.

2. We conclude what was said and done by and between McCaw and James Forsythe at the former's house

half an hour before the shooting was competent as evi-
dence against James Forsythe. It was not received as
any evidence against Edward Forsythe. McCaw testi-
fied that James Forsythe rode into his yard on horse-
back, when he asked Forsythe what he had to settle.
Forsythe got off his horse, and it appears both parties
drew their knives. McCaw accused Forsythe of having
said that his wife had been stealing potatoes, and For-
sythe said he did not know that he had made the alleged
remarks, and thereupon got upon his horse, and when
away a short distance said, in substance, you have all
been stealing. This altercation was doubtless the be-
ginning and, therefore, a part, of the controversy which
led to and resulted in the shooting, as between McCaw
and James Forsythe. Besides, by the indictment, it be-
ing under section 1262, Revised Statutes, malice afore-
thought is made an issue, and the evidence would seem
to have some bearing upon that issue, as showing the
state of feeling existing between these parties. *State v.
Mahly*, 68 Mo. 315.

3. As to the alleged improper remarks of the
prosecuting attorney in his argument to the jury, it is
sufficient to say that the attention of the court was
not called to them, or any objection made before the
filing of the motion for new trial. It is too late to make
such an objection for the first time in the motion for new
trial. The same rule applies here as in other mere
matters of exception.

The judgment is reversed and the cause remanded
for trial anew. Henry, C. J., absent; the other judges
concur.