WILLIAM SKAGGS, Respondent, v. B. F. GIVEN, Appellant.

Kansas City Court of Appeals, March 19, 1888.

PRACTICE—IMPROPER REMARKS OF COUNSEL—REMEDY THEREFOR—
CASE' ADJUDGED.—The trial court's attention should be called to
improper remarks of counsel, and objection made and exception
taken at the time of their occurrence. Such objection is matter of
exception, as other matters transpiring at the trial; and it is too
late to object for the first time in the motion for new trial. The·
fact, in this case, that the court was not on the usual seat, but off
in a corner of the room, did not prevent or excuse defendant from
calling attention, making objection, or taking exception. (*State
v. Forsythe*, 8 Mo. 667).

APPEAL from Maries Circuit Court, HON. A. J.
SEAY, Judge.

*Affirmed.*

The case is stated in the opinion.

W. S. POPE, for the appellant.

To sustain a reversal in this case the court is cited
to the following authorities: *Rudolph v. Landwerlin*,
92 Ind. 38; *School v. Shaw*, 100 Ind. 271; *Baker
v. City*, 62 Wis. 146; *Swineford v. Baker*, 44 Wis. 291;
*Wolfe v. Minnis*, 74 Ala. 389; *Tucker v. Henniker*, 41
N. H. 322; *State v. Smith*, 75 N. C. 307; *Dennis v.*
*Phillips*, 63 N. C. 56; *Coble v. Coble*, 79 N. C. 590;
*Hennies v. Vogel*, 7 Cent. Law Jour. 18; *Scripps v.
Riley*, 35 Mich. 386; *Holliday v. Jackson*, 21 Mo. App.
669; Hayne on New Trial and Appeal, 154; *Powers v.
Mitchell*, 77 Me. 361.

EDWARDS & DAVISON, for the respondent.

I. The instruction given the jury in reference to

the setoff pleaded by defendant is correct. Rev. Stat., sec. 2919. The appellant admits in his statement filed here that the evidence in regard to the assignment "was contradictory." This being so, the court will presume the verdict was correct. *Porth v. Gilbert*, 85 Mo. 125.

II. Appellate courts will not weigh the evidence in law cases, where there is any evidence at all to sustain the verdict. *Gambs v. Ins. Co.*, 50 Mo. 44; *Brown v. Railroad*, 23 Mo. App. 209; *Hurlburt v. Jenkins*, 22 Mo. App. 572. And the numerous decisions of this and the Supreme Court on this question.

III. The remarks of the counsel in this case amounted to nothing. The remarks, in one instance, were rebuked by the court and this, under the decisions of our court, cured the error. As to the other remarks objected to by appellant in his statement, no exceptions were made to them in the court below, nor was the judge asked to interfere, or to instruct the jury to disregard the remarks and rebuke the counsel, and he cannot be heard to complain now. *Goldman v. Wolff*, 6 Mo. App. 490; *Ryan v. Kelly*, 9 Mo. App. 592; *Walker v. Martin*, 10 Mo. App. 589; *Blackman v. Cowan*, 11 Mo. App. 589; *State v. Hamilton*, 55 Mo. 520. In this case the record shows that after the counsel had the first time made improper remarks the court's attention was called to it and the judge rebuked him. This cured the error. *Ryan v. Wolff*, 9 Mo. App. 590. The other remarks complained of were not called to the attention of the court, the record showing that "the judge was off the bench in one corner of the courthouse reading." According to the authority referred to by appellant, and the only one referred to by him from this state, he cannot be heard to complain now, not having directed the attention of the court to it at the time. Authorities above cited.

IV. Where the court is satisfied, from the whole case, that the judgment is for the right party, it will not reverse a cause for the improper remarks of counsel. *Lloyd v. Railroad*, 53 Mo. 599.

Ellison, J.—Plaintiff sued the defendant before a justice of the peace of Maries county on an account. On return day, the defendant filed as an offset an account larger than plaintiff's, which had been assigned to him by one M. Given. The cause was appealed to the circuit court. The evidence was conflicting in regard to the merits of the claim and offset. The material point was, as to whether the account filed by appellant as an offset was assigned to him before or after the commencement of the suit in the justice's court. Upon this point the evidence was likewise contradictory.

The court, against the objection of appellant, gave, at the request of respondent, the following instruction :

"The court instructs the jury that if they believe, from the evidence, that the offset in defendant's counterclaim was assigned to defendant after the filing of plaintiff's cause of action in the justice's court, then they will disregard said offset in arriving at a verdict."

This was the only instruction given in the case, and the case was then argued. In his opening speech before the jury, counsel for plaintiff called their attention to the fact that plaintiff had recovered judgment before the justice for more than twenty dollars ; that Given was the appellant and had brought the suit to this court. Appellant's counsel objected to the statement. The judge rebuked him for the language, and told him he had no right to make such a statement to the jury. In his closing argument to the jury, plaintiff's counsel made use of the following language, while the judge was off the bench and in one corner of the courthouse reading : "This case was tried before 'Squire Ammermann, and he gave judgment against the defendant for more than twenty dollars, and he has appealed the case here. Again, he appealed to the jury to affirm what had been done in 'Squire Ammermann's court, and not to set aside 'Squire Ammermann's verdict." That after the

case was argued and while the clerk and counsel for appellant were trying to separate the papers so as to give the jury only the account sued upon and the offset and counter-claim, plaintiff's counsel remarked in the presence and hearing of the jury, "that he wanted all the papers to go to the jury so that the jury could see them all—that there were papers there that the defendant was afraid for the jury to see."

The instruction given by the court was unquestionably correct under section 2916, Revised Statutes.

The principal point relied upon for reversal was the alleged misconduct of plaintiff's attorney. The first remark was objected to and was cured by the rebuke from the court. The other remarks, it will be seen, were passed by unnoticed by defendant's counsel. No objection was made to them, nor was any exception taken to any of the remarks, including the first, unless calling attention to them in the motion for new trial be regarded as such exception.

· It is held in *State v. Forsythe*, 89 Mo. 667, that the trial court's attention should be called to improper remarks of counsel and objection made and exception taken at the time of their occurrence ; that such objection is matter of exception as other matters transpiring at the trial ; and that it is too late to object for the first time in the motion for new trial. The fact that the court was not on the usual seat, but off in a corner of the room, did not prevent or excuse defendant from calling attention, making objection, or taking exception. We regard the cases cited in plaintiff's brief and that of *State v. Forsythe*, as conclusive on us, however the question may have been decided in other states.

The judgment is affirmed. All concur.