THE STATE v. HICKAM et al., Appellants.

1.	Criminal Law : ASSAULT : FEAR OF GREAT BODILY HARM : FORCE NECESSARY TO REPEL ASSAULT. One who is assaulted and has good reason to believe, and does believe, that great bodily harm is about to be inflicted upon him is not called upon to nicely gauge the proper *quantum* of force necessary to repel the attack, but the question to be determined in such cases is, whether, under all the circumstances, he had reasonable cause to believe, and did believe, that the force used was necessary to protect himself from impending danger of great bodily harm.

The State v. Hickam.

2. ——: ASSAULT WITH INTENT TO KILL: BURDEN OF PROOF: PRAC-
TICE. In a trial for assault with intent to kill, an instruction to the
effect that if defendant made the assault with a pistol, it devolved
upon him to show to the satisfaction of the jury some satisfac-
tory grounds for making it, is erroneous, because it devolves upon
the defendant the burden of proof, demanding a higher degree of
proof than the law requires, and submits to the jury the question
of law as to what facts would justify the assault.

3. ——: ——: ——: ——. In a prosecution for an assault
with intent to kill, where the defence is self-defence, an instruc-
tion, purporting to cover the whole case, which tells the jury that
if defendant shot the prosecuting witness with a pistol, with the
manifest design to use it upon him without sufficient reason, cause,
or extenuation, they will find him guilty, is erroneous, where it
contains no direction to acquit if the jury has a reasonable doubt
of defendant's guilt upon the whole case, and where, in a separate
instruction, the jury are only told that if they have a reasonable
doubt of defendant's guilt, they should give him the benefit of
such doubt.

4. ——: ——: DEFENCE OF RELATIVE. One who finds his mother
engaged in a difficulty with another has a right to interfere in her
behalf, and whether or not any act he afterwards does can be jus-
tified on the ground of necessary defence of himself or his mother
depends upon the motive prompting the act and the circumstances
under which it was done, and not upon the fact that he voluntar-
ily entered into the difficulty.

5. Practice: CREDIBILITY OF WITNESS: INSTRUCTION. An instruction
that if the jury believe, from the evidence, that any witness has
knowingly testified falsely to any material fact, they may disre-
gard the whole of his testimony, is not one which should be given
as a matter of course in any case, but the propriety of giving it in
any particular case must be left largely to the judgment and dis-
cretion of the trial court.

6. ——: ——: PRINCIPAL AND ACCESSORIES. Persons indicted as
accessories to an assault with intent to kill cannot properly be con-
victed unless the jury find either that there was a common pur-
pose in the minds of the principal and such accessories to kill, and
the assault was made in the attempted accomplishment of such
purpose, or that the assault was made by the principal in the
attempted accomplishment of a purpose in his mind to kill, of
which the accessories had knowledge, and that they did some act
in furtherance of the attempted accomplishment of such purpose.

*Appeal from Moniteau Circuit Court.* — HON. E. L.
EDWARDS, Judge.

REVERSED AND REMANDED.

*Draffen & Williams* for appellants.

(1) The court committed error in giving the fifth instruction asked by the state. *Chaffee v. United States,* 18 Wall. 516, 545; *State v. Fowler,* 52 Iowa, 103; *People v. Coughlin,* 32 N. W. Rep. 905; *Nichols v. Winfrey,* 79 Mo. 544; *Jones v. State,* 13 Tex. App. 1; *State v. Wingo,* 66 Mo. 181; *Dubose v. State,* 10 Tex. App. 230; *Stokes v. People,* 53 N. Y. 164; *Commonwealth v. McKie,* 1 Gray, 61; *State v. Porter,* 34 Iowa, 139; *Rains v. Railroad,* 71 Mo. 164, 169; *Anderson v. McPike,* 86 Mo. 293, 299; *State v. Ellis,* 74 Mo. 207, 219; *Morgan v. Durfree,* 69 Mo. 469; *Goetz v. Railroad,* 50 Mo. 472; *State v. Simms,* 68 Mo. 305; *Singer Mf'g Co. v. Hudson,* 4 Mo. App. 145; *State v. Foley,* 12 Mo. App. 431; *State v. McNally,* 87 Mo. 644. (2) The court committed error in giving the fourth instruction for the state. *Nichols v. Winfrey,* 79 Mo. 544; *State v. Palmer,* 88 Mo. 568; *State v. Sloan,* 47 Mo. 604; *Runyan v. State,* 57 Ind. 80. (3) The eighth instruction for the state was erroneous. *State v. Curtis,* 70 Mo. 594, 598; *State v. Seward,* 42 Mo. 206; *State v. Sands,* 77 Mo. 118; *State v. McNally,* 87 Mo. 644; *State v. Ellis,* 74 Mo. 207, 219; *Morgan v. Durfee,* 69 Mo. 469; *Rains v. Railroad,* 71 Mo. 164; *State v. Stewart,* 29 Mo. 419. (4) The ninth instruction, under the evidence in this case, was misleading. It was in conflict with the third instruction given for defendants. *State v. Partlow,* 90 Mo. 608. (5) The tenth instruction for the state ought not to have been given. It was directed against the defendant, Samuel Hickam, and prejudiced the jury against him. Such an instruction should not be given in ordinary jury trials, simply because of a conflict in the testimony. *White v. Maxey,* 64 Mo. 559; *Bank v. Murdock,* 62 Mo. 70; *State v.*

*Palmer*, 88 Mo. 568. (6) The court erred in refusing the fourth instruction asked by defendants.

*B. G. Boone*, Attorney General, for the state.

The trial court, at the instance of the state, gave ten instructions. The first is a formal instruction under the indictment, and prescribes the punishment provided for by section 1262, Revised Statutes. The second defines the technical words necessary to properly charge an assault under section 1262, Revised Statutes. The third explained to the jury that the actual perpetrator of the assault, and those present aiding, etc., were equally guilty, or all principals ( R. S., secs. 1649, 1655 ), and prescribed the punishment provided for by section 1263, Revised Statutes. The fourth explained the limit of self-defence, and correctly declared the law. The fifth is to the effect that if the jury believe that the defendant, Samuel Hickam, assaulted Davenport with a deadly weapon, the jury will find him ( Hickam ) guilty, unless he explains such assault to the satisfaction of the jury. The sixth is the usual instruction as to defendants testifying in their own behalf. *State v. Jones*, 86 Mo. 625 ; *State v. Cook*, 84 Mo. 40 ; *State v. Wisdom*, 84 Mo. 190 ; *State v. McGinnis*, 76 Mo. 328 ; *State v. Zorn*, 71 Mo. 415. The seventh is as to reasonable doubt. *State v. Payton*, 90 Mo. 220. The eighth is as to the legal presumption arising from the use of a deadly weapon. *State v. Wisdom*, 84 Mo. 188 ; *State v. Dickson*, 78 Mo. 440 ; *State v. Thomas*, 78 Mo. 337 ; *State v. Curtis*, 70 Mo. 594. The ninth further defines and explains the doctrine of self-defence as a law of necessity. *State v. Thomas, supra*. The tenth tells the jury that if any witness has knowingly testified falsely they will disregard such witness' testimony. This instruction was proper, and there was sufficient basis for its being given. *State v. Palmer*, 88 Mo. 472, and cases cited.

BRACE, J.—The defendants were jointly indicted under section 1262, Revised Statutes, 1879, for assaulting and shooting one Harrison Davenport, "on purpose and with malice aforethought," with the intent him the said Davenport to kill; the defendant, Samuel Hickam, as principal, and the other defendants as present aiding, helping, abetting, etc., the said Samuel in the felony and assault as aforesaid. They were all found guilty under section 1262, *supra*, the punishment of Samuel Hickam assessed at five years imprisonment in the penitentiary, and that of the other defendants at fines in different amounts. The defendant Susan is the mother, and defendant, Nancy Lamm, is the sister, of said Samuel, and defendant, Edie Bell, was a colored servant of the said Susan. As ground for reversal of the judgment in this case, it is urged that the trial court committed error in giving for the state instructions four, five, eight, nine, and ten, which are as follows:

"4. The court instructs the jury that even though the defendant, Samuel Hickam, may have had good reason to believe, and did believe, that the witness, Harrison Davenport, was about to do him some great bodily harm, yet that would not justify him in using any greater amount of force than was necessary to repel such an attack as said Hickam apprehended was about to be made upon him; and if the jury shall find that the defendant, Samuel Hickam, did shoot said Davenport and wound and disable him in such a manner that said Davenport could not make any further attack or resistance, and that the said defendant, Samuel Hickam, knowing him to be so wounded and disabled, did continue to assault him, then such assault, made after said Davenport was so wounded and disabled was not made in necessary self-defence."

"5. If the jury shall believe, from the evidence, that Samuel Hickam made an assault upon the witness,

Harrison Davenport, with a pistol, in the manner and form as charged in the indictment, it devolves upon the defendant to show, to the satisfaction of the jury, some satisfactory grounds for making such assault, and unless he has so done, the jury should find him guilty."

"8. The court instructs the jury that he who wilfully, that is, intentionally, uses upon another, at some vital part, a deadly weapon, such as a revolver, must, in the absence of qualifying facts, be presumed to know that the effect is likely to be death ; and, knowing this, must be presumed to intend ·death, which is the proba-- ble consequence of such an act ; and if such deadly weapon is used without just cause or provocation, he · must be presumed to do it wickedly and from a base heart. If, therefore, you believe, from the evidence, that the defendant, Samuel Hickam, on the twenty-fifth day of July, 1884, in the county of Cooper, and ·state of Missouri, did shoot Harrison Davenport with a pistol, with the manifest design to use such a pistol upon him, without sufficient reason, cause, or extenuation, then the jury will find said defendant, Samuel Hickam, guilty, and assess his punishment at imprisonment in the penitentiary not exceeding ten years."

"9. The court instructs· the jury that the law of self-defence is emphatically a law of necessity, and no person can avail himself of the right of self-defence, where he freely and voluntarily enters into and engages in a difficulty, and if the jury shall believe, from the evidence, that Samuel Hickam sought a difficulty with the witness Davenport ; and that he voluntarily entered into such difficulty ; and that he shot the said Davenport on purpose, and of his malice aforethought, then there is no self-defence in this case."

"10. The jury are instructed that if they shall believe, from the evidence, that any witness has · knowingly testified falsely to any material fact, then

the jury may disregard the whole of the testimony of such witness."

The court refused to give the following instruction in behalf of defendants:

"The mere fact that Nancy Lamm, Susan Hickam, and Edie Bell engaged or took part in the fight or difficulty in which Davenport was shot, is insufficient to convict them; under the indictment in this case, it must further be shown by the evidence, to the satisfaction of the jury beyond a reasonable doubt, that they, with knowledge of the intention of said Samuel Hickam to do said shooting, aided, abetted, counselled, advised, or commanded him to shoot said Davenport, and unless this proof has been made they must find said defendants, Susan Hickam, Nancy Lamm, and Edie Bell, not guilty, although they may have been present and may have been engaged in the difficulty when the shooting took place."

I. The proposition contained in the first paragraph of the fourth instruction is incorrect. If the defendant, Samuel Hickam, had good reason to believe, and did believe, that Davenport was about to do him some great bodily harm, and "acted in a moment of apparently impending peril, it was not for him to nicely gauge the proper *quantum* of force necessary to repel the assault." *State v. Palmer*, 88 Mo. 568. On the plea of self-defence, the question to be determined by the jury was, not whether the shooting was *actually* necessary to repel the attack, or whether some other or lesser force might not have been adequate to the defendant's emergency, but whether when he did shoot, under all the circumstances, he had reasonable cause to believe, and did believe, that such shooting was necessary to protect himself from impending danger of great bodily harm. *Nichols v. Winfrey*, 79 Mo. 544, and cas. cit. This incorrect proposition was so connected with the correct one declared in the second paragraph of the

instruction as to indicate that the latter was the corollary or equivalent of the former, and as a whole the instruction had a tendency to confuse or mislead the minds of the jurors.

II. The fifth instruction, purporting to cover the whole case, is either obnoxious to a like criticism or asserts incorrect legal propositions. If the jury, as therein instructed, found, from the evidence, that the defendant made the assault in manner and form as charged in the indictment, then there was and could be no defence in the case. If, however, the court meant to tell the jury that if they found, from the evidence, that the defendant made an assault upon the witness with a pistol, then it devolved upon him to show that the assault was made under such circumstances as would justify it, it is faulty for three reasons : (1) It devolved upon the defendant the burden of proof ; (2) it required a higher degree of proof than the law demands ; and (3) it submitted a question of law to the jury, *i. e.*, what facts would justify the assault. The defendant could not be lawfully convicted on the indictment either under section 1262 or 1263, unless the shooting was done in malice with the intent to kill. If it was done under such circumstances as to be justifiable on the ground of self-defence, it was without malice. The defendant, through the whole of the trial, is clothed with the presumption of innocence of the offence with which he is charged. The state failed to make out its case, if, upon the whole evidence, it failed to prove, not to the satisfaction of the jury, for that might be done by a preponderance of the evidence, but beyond a reasonable doubt, that the shooting was done by the defendant with the intent to kill, in malice, *i. e.*, under such circumstances as not to be justifiable on the ground of self-defence. *Nichols v. Winfrey, supra ; State v. Wingo,* 66 Mo. 181 ; *Chaffee v. United States,* 18 Wall. 517. Malice and an intent to kill being essential elements of the offence

with which the defendant was charged, it devolved upon the state to prove them the same as any other fact in the case necessary to establish guilt. From their nature they are not susceptible of proof by direct and positive evidence, 'but can and may be inferred from other facts. Malice may be inferred from the intentional use of a deadly weapon upon a human being, an intent to kill from its intentional use on, or at, a vital part, and the jury may well be told that these inferences may be made. They are deductions of fact, however, to be made by the jury in the light of all the facts and circumstances in evidence in the case, they are not conclusions to be reached at any stage of the case, if the attendant facts and circumstances militate against such conclusions to an extent sufficient to raise in the minds of the jurors a reasonable doubt of their correctness, and of defendant's guilt. The satisfactory grounds that would constitute a defence to the assault charged are such grounds as would satisfy the law, and not the jury. By the instruction, the jury were told to find the defendant guilty unless he showed some satisfactory grounds for making the assault, leaving to them to determine what facts would satisfy the law, and constitute a good defence, a question of law that they were not competent to determine, and which should not have been submitted to them. *State v. Forsythe*, 89 Mo. 667.

III. The eighth instruction also purports to cover the whole case, and while in the first paragraph some correct principles are laid down in the abstract, yet, when application of them is attempted to the case in hand, in the second paragraph so much is left out that practically the instruction is but a repetition in a slightly changed form of the fifth, and what is said in regard to that instruction is equally applicable to this. It must be conceded that these instructions standing alone are erroneous in the particulars pointed out. If, as in the case of the *State v. Alexander*, 66 Mo. 158, the direction to

find the defendant guilty upon the facts hypothecated had been qualified by the words, "unless justification appears from the evidence offered by the state," and an instruction had been given directing the jury to *acquit*, if, upon the whole case, they had a reasonable doubt of defendant's guilt, it might be contended that the two first vices mentioned were cured. But no such qualification was contained in either instruction, and the jury were simply instructed that if they had a reasonable doubt of defendant's guilt, they should give him the benefit of the doubt, but in what way and to what extent they were not told. They might have supposed that the requirement of the instruction was satisfied if they applied the principle in the determination of the *prima-facie* case the state was required to make out, and being satisfied beyond a reasonable doubt that the defendant did assault and shoot the witness with a pistol, they may have found the defendant guilty because he did not make out some undefined defence satisfactorily to them, and thus reconciled the instructions ; or, on the whole case, they may have had a reasonable doubt of defendant's guilt, and felt that they were giving him the benefit of the doubt by assessing a milder punishment than they otherwise would have assessed, so that these instructions, whether read alone or in connection with the one on reasonable doubt, are erroneous, and were calculated to mislead the jury.

IV. If the defendant, Sam Hickam, on purpose and of his malice aforethought, shot Davenport then there is no self-defence in the case, is the legal truism declared in the last sentence of the ninth instruction, and this would be true just the same whether he sought the difficulty or voluntarily entered into it or not. What was said on that subject was entirely superfluous to the conclusion drawn, was unnecessary, not applicable to the case, and its only tendency was to confuse the minds of

the jury. The uncontroverted evidence was, that when Sam Hickam appeared upon the scene in front of his father's house, the difficulty was on, between the prosecuting witness, Davenport, and his nephew, on one side, and Hickam's mother and sister on the other, whoever brought it on, he did not. In that difficulty he had a right to interfere in behalf of his mother; whether any act he did afterwards could be justified on the ground of necessary defence of himself or of his mother, would depend on the motive prompting the act and the circumstances under which it was done, and not upon the fact that he voluntarily entered into the difficulty.

V. Instruction number ten, should not be given as a matter of course in any case, but when it should be given and when not, is a question difficult to determine upon a record, and the propriety of giving it, in any particular case must be left largely to the judgment and discretion of the trial court. *White v. Maxey*, 64 Mo. 552. We cannot see that this was a case in which it was not proper to give it.

VI. We cannot say that the court erred in refusing defendant's instruction in the form asked; the mere fact that Nancy Lamm, Susan Hickam, and Edie Bell took part in the fight or difficulty, of course, was not sufficient to convict them, but they might have been convicted under the indictment although they had no knowledge that Samuel Hickam intended to shoot Davenport, and although they neither aided, advised, nor commanded him to shoot Davenport. Neither of these defendants, however, could properly be convicted of the offence charged in the indictment, unless the jury found, either that there was a common purpose in the minds of Sam Hickam and such defendant to kill Davenport, and the shooting was done in the attempted accomplishment of such common purpose, or that such shooting was done by Sam Hickam in the attempted accomplishment of a

purpose in his mind to kill Davenport of which such defendant had knowledge, and that she did some act in furtherance of the attempted accomplishment of such purpose, and a proper instruction on this branch of the case ought to have been given.

The judgment is reversed and the cause remanded for new trial. All concur, Norton, C. J., in the result.