FANNIE NORTON *et al.*, Respondents, v. ST. LOUIS AND HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1890.

1. **Railroads**: NEGLIGENCE. In an action against a railway company for personal injuries caused by the derailment of a car, a plaintiff makes out a *prima facie* case by proof that he was injured by the accident, without fault on his part, while traveling as a passenger on the car.

2. **Personal Injuries, Action for**: PHYSICAL EXAMINATION OF PLAINTIFF. The defendant in an action for personal injuries to the plaintiff has no absolute right to an order of court for the examination of the person of the plaintiff by medical experts; the making of such order rests in the discretion of the court, and a refusal to make it will not be disturbed unless an abuse of such discretion is shown.

3. **Practice, Trial**: UNWARRANTED NUMBER OF INSTRUCTIONS. When the number of instructions asked by a party is unwarrantably large, as where twenty-five are asked by a party in a cause in which the issues are simple and few, the trial court is justified in refusing all the instructions asked.

4. **Instructions not Supported by Evidence.** An instruction to the jury must be based on evidence and not on conjecture; otherwise it is erroneous.

5. **Practice, Trial**: REMARKS IN ARGUMENT OF COUNSEL. When counsel in argument to the jury by their remarks attempt to make a case, which they would not be allowed to establish by evidence, their conduct, if objected to at the time and allowed to pass unrebuked, is ground for a new trial at the instance of the opposite party. Remarks in case at bar *held* to come within this rule.

Norton v. The St. Louis & Hannibal Ry. Co.

6. ——— : PRESERVING EXCEPTIONS. When improper remarks in the argument of counsel to the jury are matter of exception, they should be preserved by the bill of exceptions, and not brought to the attention of the court only by affidavits filed in support of the motion for a new trial.

*Appeal from the Pike Circuit Court.*—HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED.

*Theo. G. Case, J. P. Wood* and *Jas. H. Orr,* for the appellant.

(1) Appellant's application for examination of plaintiff by skilled and competent physician or surgeon was just and reasonable and made at the proper time. *Owen v. Railroad,* 95 Mo. 171; *Schroder v. Railroad,* 47 Ia. 379; *White v. Railroad,* 61 Wis. 536; *Sidekum v. Railroad,* 93 Mo. 403; *Shepherd v. Railroad,* 85 Mo. 629; *Hatfield v. Railroad,* 33 Minn. 130; *Railroad v. Thul,* 29 Kas. 466; 1 Thomp. Trials, sec. 859, p. 653. (2) The remarks of counsel for plaintiff in his closing argument before the jury were grossly improper and prejudicial. *Brown v. Railroad,* 66 Mo. 588; *Loyd v. Railroad,* 53 Mo. 509; *Mitchum v. State,* 11 Ga. 615, 633; 1 Thomp. Trials, sec. 963, p. 746, and cases cited, note 1; *Tucker v. Henniker,* 41 N. H. 317 and 324; *State v. Lee,* 66 Mo. 165. (3) The court erred in instructing the jury in plaintiff's third instruction, to take into consideration, in determining the amount of damages, such items as "necessary expenses for medical attention, for her nursing, care and support while disabled," when the only evidence adduced on the trial was that the defendant had paid for these items. Plaintiff failed to show that she had paid anything for these

items.    All the evidence went to prove that plaintiff's injuries were only temporary, yet the court instructed the jury to take into consideration the permanency of the alleged injuries.

*John Megown* and *G. W. Whitecotton,* for the respondent.

Respondent being a passenger on appellant's train, the mere fact that the train on which she was a passenger was derailed, and that respondent was thereby injured, raises the presumption of negligence on the part of appellant, which could only be removed by evidence on the part of appellant, and, unless so removed, entitled this respondent to a verdict. *Hipsley v. Railroad,* 88 Mo. 348; *Railroad v. Jones,* 9 N. E. Rep. 476. Under the facts of this case, and after the court had already ordered an examination of the person of the plaintiff by a disinterested physician, who was not a witness in the cause, it was not error for the trial court in the midst of the trial to refuse to order the plaintiff to submit to another examination at the hands of medical experts who were present as witnesses for the appellant. *Sidekum v. Railroad,* 93 Mo. 403; *Owen v. Railroad,* 95 Mo. 171; *Shepherd v. Railroad,* 85 Mo. 629.

ROMBAUER, P. J., delivered the opinion of the court.
The plaintiff, Fannie Norton, then Mrs. Dickerson, while traveling as a passenger in the caboose of the defendant's freight train, on June 7, 1887, received injuries to her person by the derailment and upsetting of the caboose.    She thereupon instituted the present action, and on trial thereof recovered a verdict and judgment for six hundred and fifty dollars, to reverse which this appeal is prosecuted by the defendant.
Numerous errors are assigned by the defendant, but the following only are insisted upon in the brief filed

Norton v. The St. Louis & Hannibal Ry. Co.

by counsel, namely, that the court should have sustained the defendant's application for an examination of the plaintiff by skilled and competent physicians; that the remarks made by counsel for the plaintiff, Mrs. Norton, in his closing argument were grossly improper and prejudicial; and that the court erred in giving instructions on behalf of the plaintiff and refusing some asked by the defendant.

Before proceeding to the examination of the errors thus assigned, it is proper to refer briefly to the evidence, for the purpose of determining to what extent the rulings assigned as errors were likely to be prejudicial to the defendant in this case. Touching the cause of the accident there was no evidence adduced either by the plaintiff or defendant. The plaintiff's right of recovery rested exclusively on the fact that an accident occurred, and that she was injured without fault on her part, which, under the decisions, makes out a *prima facie* case for the passenger. *Hipsley v. Railroad*, 88 Mo. 353, and cases cited. The defendant gave evidence tending to show that its roadbed was in good condition; that the superstructure was sound and without apparent defect; that the caboose had been inspected immediately preceding the accident; and that the train was properly manned and was running at an ordinary rate of speed when the accident occurred. Touching the extent of the plaintiff's injuries the evidence was very conflicting. The plaintiff and her physician gave evidence tending to show that one of the spinal processes of the lumbar vertebræ was fractured, that such an injury caused nervous debility and may be permanent in its character, and that the plaintiff in consequence, by advice of her physician, discontinued her profession, which was that of a music teacher. There was no evidence that the plaintiff had either paid or incurred any *definite expenses* for nursing, care and support while disabled.

The defendant, by several experts of standing, gave evidence tending to show that the plaintiff's injuries were not of a permanent character, that an examination of her person disclosed no injuries of the spine, that her symptoms showed an unimpaired health; that instead of losing flesh, which was the usual concomitant of nervous ailments, the plaintiff has, since the accident, been gaining in flesh and becoming more robust, and that her discontinuance of her professional labors was probably owing to the fact that she married within a few months after the accident.

It will be thus seen that the evidence adduced in the case presents a state of facts which would not authorize us to interfere with the verdict on the evidence alone, if it had gone either way. The plaintiff had a right to rely on her *prima facie* case, and the jury had a right to find, or not to find, that it was rebutted by the defendant's evidence. If the testimony of the plaintiff and her physician is true, there is nothing to show that the verdict is excessive; if, on the other hand, the testimony of the defendant's experts and some of its other witnesses is to be believed, there is ground for holding the verdict excessive.

We do not find in the record any exception properly saved in regard to the overruling of the defendant's motion for the examination of plaintiff's person by expert physicians. We may add, however, on that subject that, under the decisions in this state, the defendant has no absolute right to insist on such examination, and that there is nothing to show in this case that the discretion of the court on that subject was abused, even if an exception had been properly saved. *Shepard v. Railroad*, 85 Mo. 629 ; *Sidekum v. Railroad*, 93 Mo. 400 ; *Owens v. Railroad*, 95 Mo. 169.

The defendant asked twenty-five instructions, sixteen of which the court gave, and nine of which the court refused. We will not enter into the detailed

examination of these instructions, but will say that the instructions given on behalf of the defendant placed substantially every element of the defense before the jury. We must add, however, that where the issues are simple and few, as they are in this case, the asking of such a number of instructions is wholly unwarranted, and their giving tends rather to confound than to enlighten the jury, and that we would be justified in holding, on the authority of *Crawshaw v. Sumner*, 56 Mo. 517, and *Desberger v. Harrington*, 28 Mo. App. 636, that the court would have committed no error, if it had refused all of the defendant's instructions on account of their number alone.

On plaintiff's behalf the court instructed the jury, in estimating plaintiff's damages, to allow her, among other items, "necessary expenses for medical attention, and medicines, for nursing, care and support, while disabled." There was no evidence that the plaintiff had either paid or incurred any definite amount for expenses on either of these heads, and as the verdict of the jury must be based on evidence, and not on conjecture, that part of the instruction was clearly erroneous.

The counsel for plaintiff in his closing argument to the jury, among others, made the following remarks: "Another thing, gentlemen of the jury, that I desire to call your attention to, and it is this : Under the law of this state, railroads of the class of this defendant are allowed to charge four cents per mile for all passengers. Now you all know that it is not worth anything like four cents per mile to do their passenger business, that is to say, it does not cost the defendant four cents per mile to do their passenger business. The law has allowed them to charge this excess in order that they may accumulate a fund to pay just such claims as this for injuries to their passengers." Which statement was at the time objected to by the defendant. Also the following remarks: "There is another thing in this case that does not look

very well for the defendant, that will stand pre-
eminently out among the other things, that do not
look well in this case.  They have undertaken to make
capital of the fact that E. T. Smith, who is now dead
and who was once an honored member of this bar, hap-
pens to visit this lady, at the instance of his wife, who,
together with himself, was a personal friend of hers, four
days after she was injured, and that has been lugged
before you here as a reason why this thing came into
court.  They wanted to bring one of Mr. Smith's letters
to this plaintiff before you.  We all know that, when
E. T. Smith wrote that letter he meant nothing dishon-
orable, but that all he said in that letter came from an
honest conviction that she should have her rights."
The latter of these remarks was made in regard to a
letter written by Smith to the plaintiff, which the
defendant tried to introduce in evidence, and which had
been properly ruled out by the court.

These remarks were objected to at the time when
made.  The first the court permitted to pass unrebuked,
and the second it positively sanctioned.  Touching the
impropriety of both these remarks there can be no ques-
tion.  They concerned facts which had no bearing what-
ever on the issues, and evidence touching the first would
have been ruled out, if offered, and was actually ruled
out in regard to the other.  We held in *Gibson v. Zeibig*,
24 Mo. App. 65, that, where counsel have attempted to
make a case in their argument to the jury, which the
law would not allow them to make in their tenders of
evidence, our courts have always ruled that such con-
duct, if objected to at the time and allowed to pass
unrebuked, is ground for a new trial.  The authorities
in this and other states on that subject were fully exam-
ined in that case, and are collated in the main opinion,
and in that on the motion for rehearing, and we reversed
the judgment in that case on account of such remarks
alone, and for no other reason.

Norton v. The St. Louis & Hannibal Ry. Co.

A simple comparison of the two cases will show that our reason for pursuing a similar course in this case would be much stronger, because the evidence is much more evenly balanced, and, under the state of the evidence, the remarks of counsel, and particularly the first, could have no other object or effect, than to inflame the prejudices of the jury, and that in a case where such incentive was equally unneeded and unwarranted.

At the same time we must add that, if this were the sole ground calling for a reversal of the judgment, its reversal would be of doubtful propriety, since the matter is not shown by the bill of exceptions, but only by affidavit of counsel for the defendant, filed in support of his motion for new trial.

The affidavit, it is true, is not contradicted, and its truth is substantially conceded by the statement and printed argument of counsel for the plaintiff. But the rule in this state is that improper remarks of counsel are matters of exception, and should be shown by the bill of exceptions, and not brought to the attention of the trial court by affidavits filed in support of motions only. *Roeder v. Studt*, 12 Mo. App. 566; *Skaggs v. Given*, 29 Mo. App. 612; *State v. Forsythe*, 89 Mo. 667.

As the judgment must be reversed on account of the error in the instruction above recited, we may suggest that the questions touching the conductor's sobriety on the occasion of the accident, which in no possible or conceivable way bore on the cause of the accident, be omitted on a retrial of the cause.

With the concurrence of Judge THOMPSON, the judgment is reversed and the cause remanded. Judge BIGGS, who has been of counsel in the case, although he did not participate in its trial, takes no part in this decision.