JAMES BOWLIN, Respondent, v. JOHN E. CREEL *et al.*, Appellants.

Kansas City Court of Appeals, November 4, 1895.

1. **Appellate Practice: ABSTRACT : TRANSCRIPT.** Where it is necessary to review the evidence and determine its import or general scope, it must be set out in the printed abstract; and a mere summary of what counsel may think the evidence tends to prove, does not comply with the rule; and this court will not look into the transcript for information as to what the evidence was.

2. **Ratification: SIGNATURE.** Though a party's name be signed to a note without his knowledge or consent, yet, if subsequently with full knowledge of all the facts he promises to pay the note, he thereby ratifies the signing.

3. **Appellate Practice: SAME THEORY ABOVE AND BELOW.** Where, at the trial, the parties agree as to the law and the theory upon which it should be submitted to the jury, they can not change front in the appellate court.

4. **Instruction: COMMENT.** An instruction which singles out one particular fact and gives it undue importance is properly refused.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Hale & Son* and *J. W. Sebree* for appellants.

(1)   A promise to pay must be made with full knowledge of all the facts upon the part of the promisor in order to constitute ratification. *Cravens v. Gillilan*, 63 Mo. 28; *Bank v. Gillilan*, 63 Mo. 33.   All the evidence in the case goes to show when the alleged acts of ratification were made, none of the parties knew that the names of W. F. and J. H. Creel had been forged to the note (63 Mo. *supra*); hence there was no evidence to support the verdict and none to go to the jury. Plaintiff's instructions were therefore wrong, and ought not to have been given.   Instructions not founded on the pleadings and evidence are improper.   *Parker v. Marquis*, 64 Mo. 38.   (2)   Moreover, the promise must be unqualified and with full knowledge of all the facts, and must be made to the forger and not to the creditor.   *Hefner v. Vandolish*, 62 Ill. 483; *Wellington v. Jackson*, 121 Mass. 157; *Bank v. Crafts*, 4 Allen, 447; *Bartlett v. Tucker*, 104 Mass. 336; *Crout v. De Wolf*, 1 R. I. 393; *Bank v. Keen*, 53 Mo. 103; *McCormack v. Moburg*, 43 Iowa, 561.   *Howard v. Crenshaw*, 33 Mo. 118, cas. cit.   (3)   Defendant's refused instruction should have been given.   A party who promises to pay a debt out of a particular fund is not liable on the evidence of that debt; he is only liable on the agreement to pay out of the particular fund, and not exceeding the amount of the fund so agreed to be paid.   Story on Promissory Notes [7 Ed.], par. 25, 26, p. 36.   *Dows v. Shinny*, 29 Mo. 390; *Workman v. Wright*, 33 Ohio, 405, and cases cited; *Nobler v. Blount*, 77 Mo. 235.

*J. L. Minnis* for respondent.

(1)   Appellants next assign as error, that there was no evidence to support the verdict, and none to go

to the jury. Appellants having failed to set out in their printed abstract of the record in this cause the evidence as adduced in the court below, this court will not consider this question. *Foster v. Tremble*, 18 Mo. App. 394; *Goodson v. Railroad*, 23 Mo. App. 26, at page 82; *Aultman-Taylor Co. v. Smith*, 52 Mo. App. 351; *Carpenter v. McDavitt*, 53 Mo. App. 393; *Spence v. Crow*, 47 Mo. App. 321; *Irvine v. Karnes*, 58 Mo. App. 254; *Garrett v. Mining Co.*, 111 Mo. 279. (2) Plaintiff's instructions properly declare the law. *Cravens v. Gillilan*, 73 Mo. 524 at pp. 526-528. s. c., 63 Mo. 28. (See instructions in statement of case. *Cravens v. Gillilan, supra,* 526) Besides, appellants' instructions are identical with plaintiff's, and they will not now be heard to complain of the giving of respondent's instructions. *Mfg. Co. v. Ball*, 43 Mo. App. 504; *Gates v. Railroad*, 44 Mo. App. 488; *Minwether v. Cable Co.*, 45 Mo. App. 528; *Straub v. Eddy*, 47 Mo. App. 189; *Bricker v. Stone*, 47 Mo. App. 530; *Cole v. Railroad*, 47 Mo. App. 624; *Nelson v. Wallace*, 48 Mo. App. 193; *Smith v. Burruss*, 106 Mo. 194; *Hardwick v. Cox*, 50 Mo. App. 509; *Singer v. Dickneite*, 51 Mo. App. 245; *Fenewecke v. Bowling,* 50 Mo. App. 516. (3) Appellants next complain that, in order to establish defendants' liability on the note, the promise to pay the same, in order to constitute a ratification, should have been made to John E. Creel. Appellants having submitted the case, by their instructions, on the theory that it was sufficient if such promise was made to plaintiff, will not be heard to complain in this court that the theory they submitted in the court below was erroneous. *Brooks v. Yocum*, 42 Mo. App. 516; *Bridges v. Brock*, 44 Mo. App. 69; *Tomlinson v. Ellison*, 104 Mo. 105; *Hart v. Leete*, 104 Mo. 315, *Garst v. Good,* 50 Mo. App. 149; *Mantz v. McGuire*, 52 Mo. App. 136; *Coddy v. Vaughan*, 53 Mo. App. 169;

*Querback v. Arnold*, 55 Mo. App. 286; *Harper v. Morse*, 114 Mo. 317; *Scott v. Nevada*, 56 Mo. App. 189; *Aultman - Taylor Co. v. Smith*, 52 Mo. App. 351. Besides, appellants' contention is not the law. *Cravens v. Gillilan*, 73 Mo., 524. (4) Appellants next assign as error the refusal of their instruction number 4. There was not a particle of evidence tending to prove the facts embraced in its hypothesis. This court, however, will not consider the refusal of instruction number 4, because appellants have not set out in their printed abstract the evidence relating thereto. *Aultman-Taylor Co. v. Smith*, 52 Mo. App. 351 (last paragraph, p. 354), and authorities therein cited.

GILL, J.—This is an action on a promissory note, alleged to have been executed by the defendants, three brothers, John E., James H., and W. F. Creel. The two latter filed separate answers, under oath, denying the execution of the note. John E. failed to answer. Plaintiff replied to the answers of James H. and W. F. Creel, admitting that said defendants did not sign their names to the note, nor, at the time authorize anyone to do so for them; averred that said John E. Creel signed the names of said defendants, and that subsequently each of the said two defendants, with full knowledge of all the facts, ratified and approved the act of said John E. Creel, and promised to pay said note.

The issues were tried by jury, resulting in a finding and judgment for plaintiff, against all the defendants, and James H. and W. F. Creel have appealed.

The record before us fails to disclose any reason, substantial or otherwise, for disturbing the judgment. Much of defendants' brief is taken up with an argument against the verdict and judgment on the alleged ground that it is against the evidence, or without evi-

dence to support it, etc. But we can pay no heed to these objections, since the evidence is not presented to us in the printed abstract. It is hardly necessary for us again to say that we will not go to the transcript for information as to what evidence was adduced at the trial, unless, indeed, to settle disputes between the litigants, or their counsel, as to what the transcript shows. If parties desire us to review the evidence and determine its import or general scope, or what it tends or does not tend to prove, they must set it out in their printed abstracts. A mere summary or statement of what counsel may think such evidence tends to prove, with reference to the transcript, such as appellants furnish here, will not comply with the rule adopted by this and every appellate court in the state.

In that portion of the record properly before us, we discover no error. The case is very much like that of *Cravens v. Gillilan,* twice before the supreme court, 63 Mo. 28, and 73 Mo. 524; and the law as there declared was followed in this trial. The case here, as there, was where a party had, without previous authority, signed another's name to a note, but subsequent ratification was relied on to charge the party. In the case at bar, the court, at plaintiff's request, instructed the jury that although John E. Creel, at the time he signed the names of W. F. and James H. Creel to the note in controversy, had no authority so to do, yet, if they believe from the evidence that said defendants, after they knew or had been informed that their names had been signed to said note by said John E. Creel, and with full knowledge of all the facts connected therewith, promised plaintiff to pay it, then their verdict should be for plaintiff and against the defendants. And at the instance of the defendants, the jury was instructed: "that ratification by defendants W. F. and James H. Creel of the unauthorized signing of their

names to the note in suit by John E. Creel, so as to bind said W. F. and James H. Creel, must consist of a knowledge, express or implied, that said John E. Creel had signed their names to the note in suit without authority, and that after they had become possessed of such knowledge, either or both of them unqualifiedly and unconditionally promised and agreed to and with said plaintiff that they or either of them would pay the same.''

The parties here, it will be seen, agreed at the trial as to the law of the case and the theory upon which it should be submitted to the jury. It is now too late to change front, as would seem to be appellants' desire. Having chosen their ground, they must abide the result of the issue.

Defendants' fourth instruction, and which the court refused, was hardly proper as a declaration of the law, since it singled out one particular fact or circumstance and gave it undue importance. Besides, we are not prepared to say that there was any evidence upon which to base such an instruction. At all events, the trial court clearly and intelligently instructed the jury on the substantial issues involved. The defendants had a fair trial, and we have nothing to do but affirm the judgment. It is so ordered. All concur.