State v. Totman.

THE STATE OF MISSOURI, Respondent, v. GEORGE TOTMAN, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Assault and Battery:** DEFENSE OF ANOTHER: APPEARANCE FACT. One may use in the defense of a third person in imminent impending danger of death or great bodily harm so much forc reasonably appears to be necessary, though in fact none is neces and he is not required to nicely guage the proper *quantum* of force

2. **Criminal Law:** SELF-DEFENSE: DEFENSE OF THIRD PARTY. Whatever one may do in defense of himself he may do for another.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

TURNEY & GOODRICH and F. B. ELLIS for appellant.

(1) The instruction which was given by the court, upon its own motion, to the effect that defendant could not be acquitted if he used any more or greater force or violence than was necessary in keeping McIntyre from killing Price or doing him some great bodily harm, is erroneous. This instruction is vicious and is not the law, as has been decided several times by the courts of almost every state. State v. Rose, 142 Mo. 428; State v. Palmer, 88 Mo. 568; State v. Hickam, 95 Mo.

322; Nichols v. Winfrey, 79 Mo. 544; Morgan v. Durfee, 69 Mo. 469; Williams v. State, 15 Tex. App. 617.   (2)  What the defendant could do in defense of himself he can do in the defense of another.   What the defendant could do and the force to be used in the defense of himself, he could do in the defense of Price, and the same rule of law applies in one case as the other.   State v. Reed, 137 Mo. 125; State v. Foley, 12 Mo. App. 435; Commonwealth v. Drew, 4 Mass. 39.

THOS. W. WALKER for respondent.

The instructions given by the court, to which appellant excepts, properly declare the law under the evidence in the case.   The defendant who acts in self-defense in a moment of apparently impending peril, is not required to nicely guage the proper *quantum* of force necessary to repel the assault of his assailant, but may act upon appearances, and use such force he had reasonable cause at the time to believe was necessary. v. Palmer, 88 Mo. 568.   This is undoubtedly the law der the plea of self-defense; but in the case at bar there is o such plea.

GILL, J.—Defendant was indicted, tried and convicted in the circuit court for an assault and battery on the person of one McIntyre.   It appears that McIntyre and one Price were engaged in a fight in a meat shop at Plattsburg, that McIntyre seized a long butcher knife belonging to the shop, the two assailants clinched and backing over a fish box in the room, both fell to the floor McIntyre on top of Price; and while in that situation, McIntyre still holding to the butcher knife and about to cut Price, the defendant, who was present, struck McIntyre with the handle of a pitchfork and with such force that he was unable to use the knife on Price.   Totman defended on the ground that he struck McIntyre in order to prevent the latter from killing Price or doing him great bodily harm.

State v. Totman.

Among other instructions the court of its own motion gave the following: "The jury are instructed that before they can acquit the defendant on the ground that he struck the prosecuting witness, H. B. McIntyre, for the purpose of preventing the said McIntyre from killing one Stuart Price, or doing him some great bodily harm, they must find and believe from the evidence that the danger to said Price was imminent and impending, and that the defendant used no more or greater force than was reasonably necessary under the facts and circumstances in evidence, and that he struck the prosecuting witness for no other purpose than to protect said Price from death or other great bodily harm."

*ASSAULT and battery: defense of another.*

The giving of this instruction was error. The question was not what amount of force was in fact requisite or necessary to prevent the threatened killing or serious injury of Price, but what did Totman at the time and under the circumstances have reason to believe was necessary. He had the right to act on appearances and was not bound to act at his peril and to correctly determine or measure the force necessary to the emergency. In the language of the supreme court the defendant, under the circumstances, was not required "to nicely guage the proper *quantum* of force necessary." Morgan v. Durfee, 69 Mo. 477; State v. Palmer, 88 Mo. 568; State v. Hickam, 95 Mo. 322; State v. Rose, 142 Mo. loc. cit. 427, 428.

*CRIMINAL law: self-defense: defense of third party.*

The law, too, will not only justify the defendant in protecting his own person, but will also justify him in using such force as may seem reasonably necessary to prevent the killing or maiming of another person. State v. Reed, 137 Mo. 125, 138. "The general doctrine is said to be, that whatever one may do for himself, he may do for another." State v. Foley, 12 Mo. App. 431.

The judgment must be reversed and cause remanded. All concur.