THE STATE OF MISSOURI ex rel., M. H. MORRIS, Appellant, v. W. H. FIELDS et al., defendants, GEORGE R. REYNOLDS, Respondent.

**Kansas City Court of Appeals, December 4, 1899,**

1. **Appellate Practice: ABSTRACT: TRANSCRIPT.** The appellate court will not go behind the printed abstract into the transcript to ascertain the evidence or proceedings at the trial. To secure a review of these they must be printed in the abstract.

2. ———: ———: MOTION FOR NEW TRIAL: INSTRUCTIONS. The printing in the abstract of the motion for a new trial in which is inserted instructions given or refused by the court will not authorize a review of such instructions by the appellate court. Recitals in such motion can not be taken as true unless authenticated by the bill of exceptions signed by the judge.

Appeal from the Randolph Circuit Court.—*Hon. J. A. Hockaday,* Judge.

APPEAL DISMISSED.

*T. B. Kimbrough* for appellant filed a long argument on the merits.

*Martin, Terrill & Martin* for respondent filed argument on merits.

GILL, J.—This suit was brought by plaintiff Morris on a bond given by defendant Fields as receiver of a milling company. It seems that after the debts of the milling company were all paid the receiver had a surplus in his hands and which the court ordered said receiver to pay the stockholders of the milling corporation, $45 to the share. Morris claimed to own sixteen shares which had formerly belonged to certain other stockholders, but on these the receiver declined to pay the dividend because said shares were claimed by respondent

Reynolds. Thereupon Morris instituted this action on the bond of the receiver, who answered setting up the fact of Reynold's claim, tendering the money in court, and asking that Reynolds be required to come into court and by a proper proceeding litigate and settle the title to said stock and the dividends thereon. Reynolds came into the case, made his claim, and upon the issues framed between Morris and Reynolds, a trial was had before the court, without the aid of a jury, resulting in a judgment in Reynolds' favor, and Morris thereupon appealed to this court.

I. In view of the condition of the appellant's abstract, it will be impossible to dispose of the merits of this appeal. The appellant has failed to furnish the abstract required by rule 15 of this court. Enforcing then rule 18 the appeal must be dismissed.

We have been asked to review the entire evidence introduced in the lower court and yet only a fractional part of that evidence is included in the so-called abstract—the appellant referring us to the transcript where it is said we will find it all complete. It has been repeatedly declared by this and the supreme court that we will not go beyond the printed abstract to learn what was the evidence or proceedings at the trial. If it is sought to have the appellate courts of this state examine the evidence, the rules and decisions of all the courts require that it be printed in the abstract. Craig v. Scudder, 98 Mo. 664; Brand v. Cannon, 118 Mo. 595; Halstead v. Stone, 147 Mo. 649; Trimble y. Wollman, 62 Mo. App. 541; Bowlin v. Creel, 63 Mo. App. 229; Finkelnburg App. Prac. 103, and numerous other cases there cited.

II. Again, complaint is made as to the court's rulings on instructions, and yet the abstract fails to show that any instructions were given or refused, or that any exceptions were saved to the court's action in that respect. It is true that the abstract includes a motion for new trial wherein it is complained, that "the verdict and finding of the court is against

the law as declared in instruction number 2 given, which is as follows" (copying it), "and against the law as declared in instruction number 3 given by the court as follows (copying said No. 3); and as a fourth ground for a new trial it is said the court erred in refusing to give certain instructions (copying them). But that these instructions were ever in fact given or refused, or that the court's action in respect thereto was objected to at the time or exceptions saved, does not appear from the abstract. Indeed we are not authorized to assume that any such instructions were ever given or refused. The recitals in the motion for new trial are not to be taken as true. The motion for new trial does not, of itself, prove any fact not shown by the record. The bill of exceptions, outside the motion for new trial, must show and set out the instructions given or refused as also that exceptions were saved. The verity of such proceedings must be authenticated and certified to by the signature of the trial judge, not by the statement of counsel embodied in the motion for new trial. The rulings on instructions, like other matters in course of the trial, are matters of exception to be saved at the time of their occurrence, and it is too late to object for the first time in the motion for new trial. The following are a few of many cases that sustain these views. State v. Foster, 115 Mo. 448; and cases cited; State v. Forsythe, 89 Mo. 667; Proffer v. Miller, 69 Mo. App. 501; Norton v. Railway, 40 Mo. App. 642; Skaggs v. Given, 29 Mo. App. 612.

The appeal then must be dismissed. All concur.