THE STATE v. BRUCE, *Appellant.*

**Indictments must be Signed.** Under the present statute, (R. S. 1879, ? 1798,) an indictment not signed by the prosecuting attorney, is a nullity.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Frank Griffen* for appellant.

*D. H. McIntyre,* Attorney General, and *Edwards & Ramsey* for the State.

HENRY, J.—The defendant was indicted at the November term, 1881, of the Nodaway circuit court for perjury, and on a trial was found guilty and sentenced to six years' imprisonment in the penitentiary. He has appealed from the judgment, and the only question for our consideration is, whether the failure of the prosecuting attorney to sign the indictment is fatal to it.

Section 1798 of the Revised Statutes of 1879, provides that: "Every indictment must be signed by the prosecuting attorney, and when the grand jury return any indictment into court, the judge must examine it, and, if the foreman has neglected to indorse it 'a true bill,' with his name signed thereto, or, if the prosecuting attorney has not signed it, the court must cause the foreman to indorse or the prosecuting attorney to sign it as the case may require, in the presence of the jury." This section is imperative with regard to the signature of the prosecuting attorney. It is a new section, and never, in this State, before its enactment, was the prosecuting attorney required to sign an indictment.

In *Thomas v. The State,* 6 Mo. 457, the objection was made that the indictment was not subscribed by the circuit

13—77

attorney, and the defendant relied upon the 6th section of article 3 of the act to regulate practice at law, Revised Statutes 1835, which directed that declarations and other pleadings should be signed by the party or his attorney; but the court held that that statute had no application to practice in criminal cases, and Judge Tompkins, who delivered the opinion of the court, observed that he was not aware of any provision in the act regulating practice in criminal cases requiring the circuit attorney to subscribe his name to indictments.

The act of 1835, and every revision of the statute since made, contained a provision, that no indictment can be found without the concurrence of at least twelve grand jurors, and when so found, and not otherwise, the foreman of the grand jury shall certify under his hand that it is "a true bill." It has been repeatedly held that when the grand jury in a body has returned an indictment into open court, and the records show that fact, the omission of the certificate of the foreman is not fatal to the indictment. The object of that section manifestly is to establish the fact that twelve of the body concurred in preferring the indictment. It did not require the foreman's certificate to make a good indictment, but to establish a fact which was essential to make it a good indictment. It was for no other purpose, and that fact the court held to be equally as well established by the return of the indictment in open court as a true bill, and its finding as such among the records of the court. *State v. Mertens,* 14 Mo. 94; *State v. Burgess,* 24 Mo. 381.

There was a purpose in the enactment of section 1798, *supra.* It imperatively requires the signature of the prosecuting attorney to an indictment. Under that section his signature is essential, not to establish a fact which may be otherwise established, but to perfect and complete the indictment. If a mere formal matter which may be dispensed with, why the special provision requiring the judge to examine the indictment, and see if the signature is attached,

The State v. Bruce.

and if not to require the prosecuting attorney to sign it? It may be said that the same duty is imposed upon the judge with respect to the foreman's certificate. That is true, and the legislature, aware of the decisions of this court on that subject, above referred to, intended, we presume, to provide a way of securing the certificate of the foreman, and not leave so important a fact as the concurrence of a requisite number of the grand jury in finding a bill to be ascertained otherwise. We are satisfied that no paper can be regarded as an indictment without the signature of the prosecuting attorney, and the certificate of the foreman of the grand jury that it is a true bill. Both are required, and neither is a mere formality that may be dispensed with. The judgment is reversed and the cause remanded. All concur.