THE STATE OF MISSOURI, Respondent, v. JOHN D. SWINNEY, Appellant.

### St. Louis Court of Appeals, April 5, 1887.

1. CRIMINAL LAW—INDICTMENT—DE FACTO OFFICERS.—The failure of one duly appointed as prosecuting attorney *pro tem.* to qualify by taking the oath of office, is not ground for quashing an indictment signed by him.

2. ——— VERDICT, JUROR'S AFFIDAVIT TO IMPEACH.—Misconduct of the jury tending to impeach their verdict in a criminal case can not be shown by the affidavit of one of the jurors.

APPEAL from the Pike County Circuit Court, ELIJAH ROBINSON, Judge.

*Affirmed.*

D. A. BALL and CHAMP. CLARK, for the appellant:
The person signing the indictment was not a duly quali-
fied prosecuting officer. Rev. Stat., sect. 1798 ; *The
State v. Fitzporter*, 17 Mo. App. 271 ; *The State v.
Bruce*, 77 Mo. 193.

J. H. BLAIR, Prosecuting Attorney *pro tem.*, for
the respondent : The prosecuting attorney *pro tem.*
was a *de facto* officer, and, as such, his acts were valid.
*Harbaugh v. Winsor*, 38 Mo. 327 ; *The State v. Douglass*,
50 Mo. 593.

ROMBAUER, J., delivered the opinion of the court.
The defendant was indicted, tried, and convicted, in
the circuit court of Pike county, of an assault. He ap-
peals and assigns the following errors : (1) That the
court erred in not quashing the indictment. (2) That
the court erred in refusing him a new trial, because the
jury had misbehaved.

It appears, by the record, that the prosecuting
attorney of Pike county was disqualified to act in the
premises, having been of counsel for the defendant,
whereupon the court appointed J. H. Blair, Esq., another
attorney, to act as prosecuting attorney *pro tem.* Blair
signed the indictment as prosecuting attorney *pro tem.*,
without having first qualified as such by taking the
official oath.

The statute (Rev. Stat., sect. 1798) requires that
"every indictment must be signed by the prosecuting
attorney." It was held in *The State v. Bruce* (77 Mo.
193), that his failure to do so renders the indictment
fatally defective. The defendant contends that, the
above facts appearing, the indictment was bad, and
should have been quashed. The state contends that
Blair was prosecuting attorney *de facto*, whether he
qualified by taking the oath or not, and his acts, as
such, were valid.

The indictment is presented upon the oath of the grand jurors. The signature of the prosecuting attorney, though required by statute, is a mere formal act. In *The State v. Douglass* (50 Mo. 596), where a grand jury was empaneled by a *de facto* judge, whose tenure of office was confessedly void, an indictment found by them was held good. Blair was not a mere intruder ; he was legally appointed by the judge as prosecuting attorney, and acted, and was recognized, as such. This made him a *de facto* officer. If this were an information, which, if presented by the prosecuting attorney, must be presented on oath, the case would present a wholly different feature. *The State v. Fitzporter*, 17 Mo. App. 273; *The State v. Hayward*, 83 Mo. 302. The first objection, therefore, is not tenable.

The second objection is also untenable. The only evidence of the alleged misconduct of the jury consists of the affidavit of one of the jurors, read in support of the motion for new trial. The affiant juror states, that he looked at some notes of the evidence taken by the prosecuting attorney, and that such notes were in the jury room while the jury were considering of their verdict. It does not appear how they got there.

As affidavits of jurors can not be considered in evidence for the purpose of impeaching their verdict, there was no legal evidence before the court, showing, or tending to show, any misconduct on the part of the jury. *The State v. Coupenhaver*, 39 Mo. 430 ; *The State v. Underwood*, 57 Mo. 40 ; *The State v. Branstetter*, 65 Mo. 156.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.