OGLEBAY v. CORBY *et al.*, *Appellants*.

1. **Practice** : VERDICT : WEIGHT OF EVIDENCE.  Where there is any evidence in support of a verdict, it will not be disturbed on the ground that it is against the weight of the evidence, unless it so preponderates against the verdict as to show that it was the result of either partiality, prejudice or passion.

2. ———— : DESTRUCTION OF WRITING : EVIDENCE OF CONTENTS.  When a writing is destroyed by one party in which another has an interest, every inference favorable to such other party should be drawn, and slight evidence of its contents will be sufficient.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Henry N. Ess* for appellants.

A reversal of this judgment is asked because of the refusal of the court to give the instructions asked by defendant, for its refusal to grant a new trial, and because the verdict and judgment are so grossly against the weight of evidence as to shock the moral sense and to show that the court below could not have come to the conclusion except from oversight, partiality or prejudice.

*C. O. Tichenor* for respondent.

(1) The herdics were sold and delivered at an agreed price, more than a month prior to the incorporation of the herdic company.  The answer claims that the debt for said herdics became the debt of the corporation; that it "assumed the payment of the purchase money thereof."  To make a sale there must be all of these elements:  First, parties competent to contract; second,

mutual assent; third, a thing which is transferred; fourth, a price paid or promised. A sale of the herdics is admitted to have been made July 15, 1881. It could not have been made to a corporation which did not exist until August 17, 1881. If there was a delivery, it was to defendants. If the title vested, it went from plaintiffs to defendants. If a debt was due, it was by them. *Kilner v. Baxter*, L. R. 2 Com. Pl. 174; *In re Hotel Co.*, L. R. 33 Ch. Div. 16. Defendants do not now,. nor can they, claim they were acting as agents; there cannot be an agent without a principal. Further, if defendants had purchased as a corporation, and if plaintiff had believed he was selling to one, yet if they were not incorporated they would be liable as individuals. *Hunt v. Saulsbury*, 55 Mo. 311. (2) The answer, if it means anything, says: " True, we owed you for the herdics; we sold them to the company, and it owed us for them; we agreed to release the company if it would assume our indebtedness to you, and you agreed to release us because the company assumed our debt to you." In other words, there was a new contract, to which all were parties. *Chapman v. Kerr*, 80 Mo. 161. (3) In *Bott v. Wood*, 56 Miss. 140, the court say: " The destruction raises a presumption that the document, if produced, would militate against the party destroying it; therefore, slight evidence of the contents will usually in such cases be sufficient." In *Hayes v. Bayliss*, 82 Mo. 212, it is said, where an instrument is destroyed by one party, every inference favorable to the other party should be drawn. (4) The appeal is without merit. Plaintiff has waited for nearly seven years for his money. It ought to be affirmed, with damages.

NORTON, C. J.—This action is to recover the sum of $2,484.40 for four herdic coaches alleged to have been sold and delivered to defendants on the fifteenth of July, 1881. Defendants in their answer set up that the sale

and purchase of said coaches was made in view of a corporation thereafter to be formed and which was in fact organized and incorporated on the seventeenth of August, 1881. It avers that on or about the twelfth of July, 1881, defendants entered into a contract in writing with plaintiff whereby they promised and agreed to become responsible to plaintiff in proportion to the number of shares of the capital stock to be held by each for the price of said coaches, in the event that said company should not be incorporated, but that if it should become incorporated, then and in that event defendants should be and were discharged from all further liability upon or by reason of their promise and agreement in said writing contained, as aforesaid, and from all responsibility for the purchase money for said coaches, which should thereupon become the debt of the said company so to be formed as aforesaid ; that said company was afterwards, to-wit, on the seventeenth of August, 1881, duly incorporated for the purpose, and received and accepted said coaches, pursuant to the purposes of its incorporation, and assumed the payment of the purchase money therefor. It is further averred that after the organization of said company, the said corporation by its directors requested plaintiff to extend the time of payment for said coaches sixty days in consideration of their agreement to pay six per cent. interest, to which plaintiff assented and disclaimed all right of action against defendants by reason of said writing or the sale of said coaches, and said instrument of writing was thereupon destroyed. This answer was denied by replication and on the trial of the cause before the court, without the intervention of a jury, judgment was rendered for the plaintiff, from which the defendants have appealed.

The points relied upon in defendants' brief for a reversal are, first, that the finding of the court sitting as a jury is unsupported by the evidence and against the weight of the evidence ; second, that the court erred in refusing to give the following instruction, viz. : "If you

believe from the evidence that the property, the price of which is sued for in this action, was bought by E. F. Mitchell, as agent for the defendants, and that such authority was in writing, then the burden of proof is on the plaintiff to show that defendants signed such writing, and what the contents of such writing were, and if plaintiff has failed to produce such proof, or if, on the whole testimony, the contents of such writing are in doubt, then you will find for defendants."

As to the first point made the rule is, that where there is any evidence in support of a verdict it will not be disturbed on the ground that it is against the weight of evidence, unless it so preponderates against it as to show that it was the result of either partiality, passion or prejudice. That there is evidence in support of the finding of the judge sitting as a jury, cannot be disputed. Plaintiff testified in unqualified terms that the herdics in question were sold by him to defendants through their agent Mitchell at the price sued for ; that at his request a writing was drawn up and signed by defendants authorizing Mitchell to buy said herdics of him in which they agreed to be responsible to him for the price to be paid ; that this writing was handed by him to Mitchell who requested it, saying, "I would like to get the privilege of taking this paper over to the bank, and getting the privilege of drawing against it if I do not buy the horses of you ;" that Mitchell promised to return the paper to him and afterwards told him that it had been burned up ; that before giving the writing to Mitchell he took a copy of it as follows: "St. Joseph, July 13, 1881. We this day empower E. F. Mitchell to go to Kansas City and purchase of James H. Oglebay four herdic coaches at a price not to exceed $621.10 per coach, also, to purchase eighteen horses at a price not to exceed one hundred and thirty-five dollars per horse, and we will become personally responsible for the payment of the same. (Signed,) Kloss, Johnson, Eaglehart, Mitchell, Berghoff, Corby."

The evidence of defendants who testified in their own behalf was to the effect that under said writing, they were only to be held liable individually to the amount of stock subscribed, until said herdic coach company should be duly incorporated, not later than the twentieth of August, 1881 ; that the company was incorporated on the seventeenth of August, 1881 ; that plaintiff agreed after its incorporation to wait sixty days for his pay for the herdics, on the company agreeing to pay six per cent. interest ; that two or three weeks after the incorporation the said writing was obtained from the bank where it had been deposited by Mitchell, and by direction of the company was burnt up and without Oglebay's knowledge.

There was no dispute about the fact that Mitchell was authorized by defendants to purchase the herdics of plaintiff. The dispute was as to whether defendants under said writing were only to be held individually liable till the company was incorporated, and whether that thereafter plaintiff was to look alone to the company for payment. With the above evidence before us and the evidence of Mr. Corby, one of the defendants, that plaintiff in dealing with him always spoke as having sold the property to the individuals and not to the company, and the evidence of the president of the State Savings Bank, where the writing was deposited by Mitchell, who after hearing the answer read, stated that he had no recollection of any such language being in that paper, we are unwilling to say that the evidence so preponderates against the finding that the judge who tried the case was influenced by passion, partiality or prejudice in making it.

The complaint that the court erred in refusing the instruction quoted herein is without merit. It appears that the writing upon which defendants relied to exempt them from liability was procured from plaintiff by one of them, deposited in a bank with a promise that it

Eswin v. The St. Louis, I. M. & S. Ry. Co.

would be returned to him; and thereafter was withdrawn by the same defendant from the bank and by direction of the company composed of defendants was burned up, though drawn at plaintiff's request and for his protection, as he states. In such case the rule is, that when a writing is destroyed by one party in which another has an interest every inference favorable to the other party should be drawn, and that slight evidence of its contents is sufficient. *Hayes v. Bayliss*, 82 Mo. 212; *Bott v. Wood*, 56 Miss. 140.

The judgment is hereby affirmed. All concur except RAY, J., absent.