MICHAEL HANLON, Respondent, v. BENJAMIN O'KEEFFE, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Trial:** INSTRUCTIONS. It is error to instruct the jury to find for a party, " if it appear " that certain matters, detailed in the instructions, happened; such an instruction authorizes a verdict if there be any evidence of such matters, and does not call for the finding of the jury with respect to the truth thereof.

2. **Practice, Appellate:** ERROR NOT PREJUDICIAL. But, if the matters thus put to the jury are conceded facts, such instruction is not prejudicial, and therefore does not warrant a reversal.

3. **Practice, Trial:** IMPEACHMENT OF VERDICT. The verdict of a jury cannot be impeached by the affidavit of one of the jurors.

38 273|
55 531|
38 273
69 507

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*John J. McCann,* for the appellant.

*Eber Peacock,* for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action of replevin growing out of a horse trade. The plaintiff's claim is, that his animal got into defendant's possession on an agreement to exchange horses on certain terms, which agreement was never consummated ; that he thereupon demanded the return of his animal, and, upon the defendant's refusal to return it, brought the present action. The defense is, that the trade was consummated, and that the title to the animal passed to the defendant. There was judgment for plaintiff in the trial court, and the error assigned on this appeal is that the judgment was the

result of the court's giving an erroneous instruction for plaintiff, and refusing legal instructions asked by the defendant.

The bill of exceptions does not purport to contain all the evidence offered by the plaintiff in chief, but states at the close of plaintiff's case, the above is *an abstract of a part* of the testimony offered by the plaintiff in chief. We mention this merely for the purpose of showing that the record furnishes no data by which the accuracy of the defendant's statement, that the verdict is manifestly opposed to the weight of the evidence, could be determined.

The plaintiff's evidence, as far as preserved, tends to show that the closing of the trade was conditioned upon the defendant's horse suiting him, the plaintiff, and upon the defendant's paying him seventy-five dollars' boot money; that the horse, upon trial, proved vicious and balky, and did not suit him, and that he thereupon returned it to defendant the same day, stating that he would not consummate the trade, and demanded the return of his own horse. The defendant's evidence tended to show that the trade was an absolute exchange of horses, without any other condition than the payment by the defendant to the plaintiff of twenty-five dollars' boot money, and that he tendered to the plaintiff the twenty-five dollars, which the latter refused to accept.

The instruction complained of, which the court gave at plaintiff's instance, is as follows:

"1. If the jury find and believe from the evidence that, in the month of May, 1888, the plaintiff was the owner of the gray mare mentioned in the suit, and defendant was the owner of the dark pony horse mentioned in the evidence, that a proposition to trade animals was made by and between the parties, plaintiff and defendant, that the plaintiff was to take in exchange for his mare the dark pony horse of defendant and seventy-five dollars in addition thereto, provided on trial

the said dark pony horse of defendant suited him, and if it further appear that the plaintiff and the defendant each exchanged animals for the purpose of testing them, and that later, on the same day the plaintiff, after having tried said defendant's pony horse, notified defendant that the said pony horse did not suit him, and that he would not make the exchange.

"And if it further appear that, notwithstanding said notification, the said defendant drove away with said mare and refused to surrender her to plaintiff, and has ever since kept her in his possession.

"And if it further appear that defendant never paid or offered to pay the sum of seventy-five dollars to plaintiff, then the court declares that the defendant never acquired any title to said mare, and plaintiff is entitled to recover the possession of said animal, and whatever damages the jury believe from the evidence the plaintiff has sustained by the detention of the same, not exceeding twenty-five dollars."

This instruction is certainly faulty, because, after first requiring the jury to find certain facts as a condition precedent to plaintiff's recovery, it proceeds to state a number of other conditions, premised with the words "if it further appear," etc. If there would be any controversy in the evidence touching the fulfillment of these subsequent conditions, defendant's complaint that the instruction was prejudicial to him, and erroneous, would be well founded. The question is not what appears by the evidence, but what the jury finds from the evidence, whenever there is any controversy as to any fact, but, when the facts are conceded, no harm can result to the opposing party, by this mode of statement. Now, in the case at bar, the defendant himself testified that the horse was returned to him by the plaintiff, who stated at the time that it did not suit him, and that he would not consummate the exchange, and the defendant also admitted that he never tendered to the plaintiff seventy-five dollars. These were the only conditions

stated with an erroneous premise in the instruction; hence their misstatement could not be legally prejudicial to the defendant.

The defendant asked two instructions. The mere recital of these instructions furnishes a refutation of the complaint that the court erred in refusing them; they are as follows :

"1. If the jury find from the evidence that plaintiff and defendant exchanged horses at the time stated in the evidence, and that the terms of such exchange were agreed upon, they shall find their verdict for defendant.

"2. The mere fact that defendant did not pay any money down, or the other fact that defendant afterwards had possession of the gray pony, does not affect the case herein."

In support of his motion for new trial, the defendant filed an affidavit of one of the jurors, to the effect that the jury misunderstood the first instruction given for plaintiff above set out. Need we call attention of counsel to the well-known rule that the verdict of a jury cannot be impeached by the testimony of any of its members, either in a civil or criminal case ? *Clark v. Famous Shoe Co.*, 16 Mo. App. 463, 467, and cases cited.

We see no error in the record warranting a reversal of the judgment. All the judges concurring, the judgment is affirmed.