MICHAEL HANLON, Respondent, v. BENJAMIN O'KEEFE, Appellant.

St. Louis Court of Appeals, December 19, 1893.

1. **Replevin:** RIGHT OF SUCCESSFUL PARTY TO HOLD THE OTHER FOR CONVERSION PENDING THE PROCEEDING. The defendant, in an action of replevin retained the property in controversy by giving a forth-coming bond. The judgment in the action was in favor of the plaintiff, and gave him an election to take the property or its assessed value. The defendant, nevertheless, sold the property without affording the plaintiff any opportunity to take it under the judgment. *Held,* that the defendant was guilty of a conversion of the property, and that he was, therefore, answerable for its actual value at the time of the sale in a new action by the plaintiff on that theory.

2. ————: ELECTION BY SUCCESSFUL PARTY. The fact that an execution was issued under the judgment in the action of replevin, and that the defendant paid to the sheriff the value of the property assessed in that action, does not establish an election by the plaintiff under that judgment; accordingly, the plaintiff having refused to accept the collection from the sheriff, his right to the property remained unimpaired.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*M. Kinealy, James R. Kinealy* and *R. S. Mac-Donald* for appellant.

(1) The petition did not set forth a cause of action. *White v. Van Houten,* 51 Mo. 577; *Donohoe v. McAleer,* 37 Mo. 312; 6 Wait on Actions and Defenses, 169; Revised Statutes, sec. 7494, p. 1734. (2) On the evidence the plaintiff ought not to recover. *Dwyer v. Reppetoe,* 10 S. W. Rep. 668; 1 Thompson on Trials, secs. 818, 819; also authorities cited *supra.*

*John M. Dickson* and *A. A. Paxson* for respondent.

The defendant's instructions numbered 1 and 2 were properly refused. The instructions given by the court of its own motion correctly declared the law. Revised Statutes, 1889, secs. 7492, 7493, 7494, 7495; Revised Statutes, 1879, secs. 3857, 3858, 3859, 3860; *Swantz v. Pellow*, 50 Ark. 304.

BOND, J.—The petition filed in this case is as follows:

"Plaintiff states that, in May, 1888, he was the owner and entitled to the possession of a certain bay mare, and that defendant having fraudulently obtained possession of said mare, wrongfully detained her in his possession and refused to surrender the same to plaintiff; that plaintiff was thereupon compelled to bring, and did bring, an action of replevin before a justice of the peace in the city of St. Louis against said defendant for the recovery of said mare; that defendant, upon the institution of said suit, executed a forthcoming bond in pursuance of the provisions of the statute, and was entitled to retain possession of the property pending said action; that thereafter said cause was tried on appeal in the circuit court of the city of St. Louis on the —— day of ——, 1889, and, upon a trial thereof, judgment was rendered in favor of plaintiff for the possession of said mare; that defendant thereupon took an appeal from said judgment to the St. Louis court of appeals and filed a *supersedeas* bond, whereby he was enabled to continue in possession of said mare pending the appeal; that said appeal coming on to be heard in the St. Louis court of appeals, the judgment of the circuit court was affirmed in all things; that by the terms of said judgment plaintiff was entitled to the possession

of said mare, should he so elect; that it was (as defendant well knew) plaintiff's intention and desire to so elect, but that defendant, for the purpose of defeating and frustrating such contemplated election on the part of plaintiff, on the —— day of ——, 1889, wrongfully and fraudulently converted said mare to his own use by selling her to a third party for the sum of one hundred and fifty dollars ($150), and causing her to be shipped beyond the limits of this state, and it has thus become impossible for the officers of this court to execute said judgment by delivering said mare to plaintiff according to his election.

"Plaintiff states that the conduct of defendant in the premises has throughout been fraudulent, vexatious and oppressive; that defendant well knew that he had no right in the first place to detain plaintiff's mare, and the appeal taken by him as aforesaid was (as defendant well knew) wholly without merit, and intended solely for vexation and delay, and for the purpose of affording him an opportunity to wrongfully deprive plaintiff of his property.

"Plaintiff states that, by reason of the premises, he has lost said mare and the use thereof, and has been compelled to incur large expenses in maintaining his legal rights, and has thereby sustained damages in the sum of five hundred dollars ($500), for which he prays judgment with costs."

The defense to the foregoing petition was: *First*, a general denial; and, *second*, that in the replevin suit referred to in said petition a judgment was rendered in favor of the plaintiff for $45 as the value of the mare, and $10 as damages for her detention; that pending said replevin suit the defendant, believing himself the owner of the mare, sold her, and that the plaintiff, knowing of this sale, sued out an execution in the replevin suit on the judgment for her value and

damages, the amount of which the defendant paid to the sheriff.

On the trial of the issues thus made, the plaintiff introduced so much of the record of the replevin suit instituted by him for the mare in controversy, as tended to show that judgment was rendered therein in his favor for the possession of said mare; which judgment on an appeal taken to this court was affirmed. 38 Mo. App. 273.

It also appeared from the record of the replevin suit so introduced in evidence that, during the pendency of that suit in the circuit court, the mare in dispute was in the custody of the defendant under a forthcoming bond, and, during the pendency of that suit in this court, the mare in dispute was in the custody of the defendant under a *supersedeas* bond. There was evidence tending to show that, before the affirmance of said suit in this court and while it was here on appeal, the defendant sold the mare for $150; that, after its affirmance, the defendant paid into the hands of the sheriff of the city of St. Louis $50 upon an execution in his hands issued in said replevin suit, but did not place the mare adjudged to belong to the plaintiff in the hands of the sheriff, to the end that the plaintiff might elect whether he would take the mare or her assessed value, as he was entitled to do by said judgment.

The plaintiff then applied for a rule upon defendant to produce said mare and turn her over to the sheriff, which rule was granted by the circuit judge, and thereafter, upon the affidavit of defendant filed in response to the rule so made, showing that he had sold the mare and she had been shipped out of the state, the rule was discharged.

There was other conflicting testimony as to the value of the mare in controversy.

The case was tried by the court, sitting as a jury, and judgment rendered in favor of the plaintiff, from which the defendant has appealed to this court, and assigns as error: *First*, that the petition does not set forth a cause of action; *second*, that the court erred in giving its instructions and refusing those requested by appellant; *third*, that on the evidence the judgment should be reversed.

There is no merit in the first assignment of error. The petition alleges in substance that the plaintiff intended and desired under the judgment in the replevin suit in his favor to elect to take possession of the mare sued for, and that the defendant with knowledge of this intention, and to defeat such an election, wrongfully converted said mare to his own use by selling her to be shipped out of the state, so that she could not be delivered to the plaintiff under the judgment and process thereon in the replevin suit.

This was a sufficient averment of the rights of the respondent to the property converted by appellant. Nor is there any force in the contention of the appellant that the object of the present suit is to recover the value which was rightfully adjudicated in the replevin suit. The authority cited by him, *White v. Van Houten*, 51 Mo. 577, is to the effect that, where a judgment rendered in a replevin suit in favor of a defendant, omitting any assessment of damages for detention, has been specifically complied with by the delivery and acceptance thereof of the personal property adjudged in his favor, such defendant cannot in a *new* action sue for damages for the detention of the property recovered in a replevin suit, merely because on the trial of that action no evidence whatever was offered on the issue of damages for detention.

This decision rests upon the principle of the conclusiveness of a final judgment as to all the issues upon

which it was obtained. *Damages for detention* are necessarily embraced in the issues in replevin. A judgment ignoring them for want of evidence is, therefore, conclusive, if unappealed from.

In the case at bar the judgment in the replevin suit, requiring the appellant to deliver the mare to the sheriff (to enable the plaintiff to elect whether he would take the mare and damages, or her assessed value and damages, in satisfaction), has never been complied with. This action is, therefore, for specific personal property which has been *adjudged* to belong to the plaintiff, and which the defendant has withheld and converted to his own use, thus rendering himself liable to the plaintiff, upon elementary principles, for the value of the property converted at the time of its conversion. Neither is there any force of reason in the point urged by appellant, that the execution of the forthcoming bond entitled him to sell the property for which such bond was given, so as to defeat the right of the plaintiff in the replevin suit to compel the production of this property in the event of his success. The right to recover the specific thing sued for in the action of replevin is secured to the prevailing party by the express terms of the statute regulating such actions. Revised Statutes, 1889, secs. 7489, 7490, 7492, 7493.

Forthcoming bonds in replevin are conditioned, primarily, for the *delivery* of the *property, when "adjudged,"* to the obligee. They confer no title on the obligor to the property retained in his possession, and do not legalize a breach by him of his express stipulation to deliver (under penalty) at the end of the suit. Revised Statutes, 1889, sec. 7482. Nor is there any authority for this position of the appellant in the case cited by him. *Donohoe v. McAleer*, 37 Mo. 312.

This case merely decides that the plaintiff, having title to the property replevied *at the time* of the bringing of the suit therefor, is not precluded from ultimate recovery in such action, because, *after* the institution of his action, he may have sold and transferred the property in question; in other words, that in such actions it is the rights of a plaintiff *when* his suit is begun, and not his rights as they existed *subsequently*, which determine whether or not the suit was properly brought.

The first instruction requested by the appellant and refused by the court was properly refused, because it assumed a fact. It assumed as a fact that there was no evidence of the value of the horse sued for in the present action at the time of the affirmance of the replevin suit by this court, when the plaintiff therein was entitled to demand the production of the horse. This assumption is not consistent with the record in this case.

The court also did right in refusing the second instruction offered by appellant, because this instruction assumed that the plaintiff in this action had received the amount adjudged in the replevin suit as the value and damages for the detention of the horse in lieu of his right to the horse itself; for which assumption there is no support to be found in the evidence in this case.

The court, of its own motion, gave the following instruction: "If the court, sitting as a jury, finds from the evidence that, after the rendition of the judgment in the replevin suit between these parties, the record of which has been offered in evidence, being case number 77036 of the circuit court, city of St. Louis, and before the affirmance of said judgment by the court of appeals, on December 3, 1889, the defendant did without the consent of the plaintiff sell and dispose of the mare in question, and receive and retain to himself the proceeds

of such sale; and if the court shall further find from the evidence that the defendant never did deliver the said mare into the custody of the sheriff after the affirmance of said judgment in said replevin suit by the court of appeals, and that by the conduct of said defendant the said plaintiff was deprived of his right of election to take said mare or the value thereof as assessed in said replevin suit, which right of election the said plaintiff was not bound to exercise, as the court declares the law to be, until the defendant delivered the custody and possession of said mare into the hands of said sheriff upon the execution in favor of plaintiff in said cause read in evidence, then the verdict should be for the plaintiff.

"And if the court shall so find, it should assess the plaintiff's damages at such a sum as it may find from the evidence to be fair and reasonable market value of said mare at the time the defendant sold her (if he did so sell her); and the court may, if it shall think fit under the circumstances shown in the evidence, give additional damages in the nature of interest over and above the value of the said mare, as the same may be found by the court at the time same was so sold by defendant."

The foregoing instruction was a clear and comprehensive statement of the law applicable to the issues and facts in this case, and is not open to any just criticism on the part of appellant.

We must also overrule the assignment of error to the effect that, under the evidence in this case, the judgment should be reversed. There is no testimony whatever that the plaintiff in this action ever *received* the amount assessed as the value of the mare and damages for her detention in the replevin suit in satisfaction of his right to her recovery in *specie;* on the contrary,

the evidence is that he refused to accept such assessment, when tendered him.

The fact that the sheriff collected the same does not affect or impair the right of the plaintiff to the specific property, i. e., the mare, which he recovered in his replevin suit. Revised Statutes, 1889, sec. 7495. The plaintiff still had the right to demand the surrender of the specific property recovered by him, and could only be compelled to make his election after the same had been delivered into the hands of the sheriff on proper process and upon notice to the plaintiff. Revised Statutes, 1889, sec. 7493.

The sheriff, in collecting the assessed value and damages for the detention of the horse adjudged to the plaintiff, was merely discharging a plain statutory duty (Revised Statutes, 1889, sec. 7494), which in no wise prejudiced the rights of the plaintiff. The only way he could be debarred from claiming title to the property adjudged to belong to him in the replevin suit was by election, after the property itself had been placed in the hands of the sheriff, to receive its assessed value and damages rather than the property itself.

We have examined the record in this case, and our conclusion is that there was no reasonable ground for the appeal taken to this court; that the errors assigned here are in contravention of the plain statutes, *supra*.

We, therefore, affirm the judgment of the lower court with ten per cent. damages. It is so ordered. All concur.