Proffer v. Miller.

GEORGE W. PROFFER, Appellant, v. LEANDER MILLER *et al.*, Respondents.

### St. Louis Court of Appeals, March 9, 1897.

1. **Evidence, Conflict of.** Where there is a conflict of testimony the appellate court will not interfere.

2. **Instructions.** Instructions which singled out each particular fact claimed to have been misrepresented by defendants, and directed the jury to find for plaintiff if any of them were found to be untrue, but omitted to tell the jury that such representations must have been relied upon by plaintiff to entitle him to recover, were properly refused.

3. **Evidence: HEARSAY.** Declarations which, if admitted, would have been hearsay, were properly excluded.

4. ———: **IMPEACHMENT OF WITNESS.** Testimony as to a conversation with plaintiff about paying the witness to find out from certain parties what they would swear to, as explained by plaintiff himself, had no tendency to impeach plaintiff, and was without prejudice to him.

5. **Verdict, Impeachment of.** A verdict can not be impeached by the affidavits of other parties to statements of the jurors made after their discharge.

6. **Motion for New Trial: IMPROPER REMARKS BY COURT AND COUNSEL.** The appellate court can not assume that improper remarks charged in a motion for new trial to have been made by the court and the opposing counsel in his argument to the jury, are true, in the absence of any proof, or bill of exceptions, showing that such alleged misconduct on the part of the court and counsel were objected to, or any exceptions thereto saved.

7. **Replevin: JUDGMENT: PROCEDURE UNDER SECTION 6190, REVISED STATUTES, 1889.** In an action of replevin brought before a justice, where defendants, on a trial *de novo* in the circuit court, obtained a verdict, and elected, in open court, to take the value of the property, as assessed by the jury, in lieu of the specific property under section 6190, of the statute, their choice was properly recorded, and judgment entered accordingly. *Puller v. Thomas*, 36 Mo. App. 105, distinguished.

*Appeal from the Cape Girardeau Circuit Court.*—Hon. Henry C. Riley, Judge.

Affirmed.

*John A. Hope* for appellant.

The weight of the evidence preponderates so strongly against the verdict that it was plainly the result of partiality, prejudice, passion, mistake, or ignorance, and the court should have granted a new trial. *Empey v. Cable Co.*, 45 Mo. App. 422; *Duggan v. R. R.*, 46 *Id.* 266; *Adler v. Wagner*, 47 *Id.* 25; *Walton v. R. R.*, 49 *Id.* 620; *Lovell v. Davis*, 52 *Id.* 342; *Lionberger v. Pohlman*, 16 *Id.* 392; *Borgraefe v. Knights of Honor*, 22 *Id.* 127; *Freese v. Fallon*, 24 *Id.* 439; *Spohn v. R. R.*, 87 Mo. 74; *Oglebay v. Corby*, 96 *Id.* 285; *Garrett v. Greenwell*, 92 *Id.* 125; *Whitsett v. Ransom*, 79 *Id.* 258.

The judgment for the value of the property can not be affirmed by this court without reversing its decision in *Puller v. Thomas*, 36 Mo. App. 105.

The judgment is contrary to the statutes. Sec. 6190, R. S. 1888; secs. 7489, 7490, *Id.*; *Gulath v. Waldstein*, 7 Mo. App.

The circumstance that Davis was not called as a witness lays no ground for any presumption against Proffer. *Scoville v. Baldwin*, 27 Conn. 318; *Diel v. R'y*, 37 Mo. App. 459; *Bent v. Lewis*, 88 Mo. 470.

The court erred in not permitting William Knott to testify concerning what Miller's hired hands told him. *Larson v. R'y*, 110 Mo. 244; *Bergeman v. R'y*, 104 *Id.* 86.

The court erred in allowing Amon Miller to give his opinion as to how the mule would act when taken to a strange place. *Hart v. R. R.*, 94 Mo. 255; *King v. R. R.*, 98 *Id.* 235; *Berney v. R. R.*, 20 Mo. App. 470.

The court erred in permitting Kinder to answer the question asked him in reference to Proffer's attempting to hire him to find what the Hendricks boys would swear to. It was not admissible even for the purpose of affecting Proffer's credibility. 1 Greenlf. Ev., sec. 462.

Instruction number 1 for defendants should not have been given. It ignored the issue pertaining to the mule's age. *Mallman v. Harris Bros.*, 65 Mo. App. 135. It was not cured by the other instructions. *Sullivan v. R. R.*, 88 Mo. 182; *Clay v. R. R.*, 17 Mo. App. 629; *Hickman v. Link*, 116 Mo. 123. See, also, *Redpath v. Lawrence*, 46 Mo. App. 101; *Martinosky v. Hannibal*, 35 *Id.* 70; *Gregory v. Sitlington*, 54 *Id.* 60; *Welch v. Edmisson*, 46 *Id.* 282; *Hohstadt v. Daggs*, 50 *Id.* 240.

The court erred in giving instruction number 2 for defendants. The term "preponderance of the evidence" is used, and no explanation of its meaning given. *Clark v. Kitchen*, 52 Mo. 316; *Carson v. Patten*, 22 Mo. App. 185; *Hill v. Scott*, 38 *Id.* 376; *State v. Heinze*, 45 *Id.* 413.

Instructions 3 and 4 asked by plaintiff ought to have been given. *Hesse v. Powell*, 29 Mo. App. 411.

*W. H. Miller* for respondents.

Where there is a conflict of testimony appellate courts will not interfere. *Oglebay v. Corby*, 96 Mo. 285; *State v. Eisenhour*, 132 *Id.* 140.

The case of *Puller v. Thomas*, 36 Mo. App. 105, is not in point, having originated in the circuit court where formal proofs are required. The testimony of Kinder was without prejudice to plaintiff. *McMahon v. Express Co.*, 132 Mo. 641.

In answer to the charge of improper conduct on

the part of the jury, it is sufficient to say that a juror can not impeach his own verdict. *State v. Swinney*, 25 Mo. App. 347; *Hanlon v. O'Keefe*, 38 *Id.* 273; *State v. McNamara*, 100 Mo. 100; *State v. Rush*, 95 *Id.* 199; *St. Clair v. R'y*, 26 Mo. App. 76.

BLAND, P. J.—Amon Miller is the father of Leander Miller. Amon was the owner of a mule which Leander traded to Proffer for a mule of Proffer's, giving $25 in boot. The Proffer mule was taken by Leander to his father's house, and was found there when the writ of replevin was served in this case. Proffer, in a very few days after his trade, and after making a better acquaintance with the Miller mule, went to the Miller's with the mule he had traded for, and offered to return him and the $25 of boot money, and demanded that the mule which he had exchanged be returned to him, claiming he had been cheated and swindled by the false statements and representations of Leander, as to the age and conditions of the Miller mule. The Millers refused to take back the mule and money or to deliver the Proffer mule to him. Proffer then began his suit in replevin before a justice of the peace for the recovery of possession of the mule traded to Leander; gave bond, and the possession of the mule was delivered to him by the officer, and was retained by him. A change of the venue was taken from the justice, before whom the case was begun, by defendants, and a trial had before the justice to whom the case was sent, resulting in a verdict and judgment for plaintiff. Defendants appealed to the circuit court where upon a trial *de novo* by a jury, a verdict was found for the defendants, and the value of the mule was assessed at $100, whereupon the defendants elected, in open court, to take the value of the property, as assessed by the jury, and judgment was entered accordingly; "that defendants

recover of and from the plaintiff the sum of $100, for their debt and damages, as assessed by the jury, and for all costs." Plaintiff in due time filed his motion for new trial; this was overruled, and he perfected his appeal to this court.

On the part of the plaintiff the evidence tended to prove that Leander Miller, when he traded mules with plaintiff, represented the Miller mule to be three years old, gentle and well broke to ride, and to work. That in fact, the mule was five years old, and was a kicking, stubborn, and vicious mule, and not well broke to ride. On the part of the defendants the testimony tended to prove that Leander told Proffer, when he traded, that the mule was three years old, passed, and, so far as he knew, the mule was gentle. That the work hands on his father's farm had told him the mule was gentle, and rode and worked all right. There was evidence tending to show that the mule had been ridden and worked, was gentle, and "cut no more capers," in working and riding than ordinary young mules are accustomed to indulge in. The court at the instance of the plaintiff gave the following instructions:

"1. The jury is instructed that a party who has been defrauded in selling or trading his property, can, by returning to the other party what he received, or by tendering to the other party what he received, recover in a replevin suit the property he traded or sold."

"2. You are instructed that if you find from the evidence in this case that Miller and Proffer traded mules, and if you further find that in the making of this trade Miller made to Proffer representations concerning the soundness, condition, qualities, or age of his (Miller's) mule, and that relying on such representations Proffer traded and delivered to Miller the mule sued for in exchange for Miller's mule, and if you further find that such representations were false, and if you

further find that upon discovering that such representations were false, Proffer returned said mule, together with the $25 boot received in the trade, or offered to return the same, then your verdict must be for the plaintiff."

"5. You are instructed that if you find a verdict for the plaintiff then you must assess his damages, if he has sustained any, for all injuries to the property sued for, and for the taking and detention of the same, not to exceed the sum of forty dollars."

And the following instructions for the respondents:

"1. The court instructs the jury that unless you believe and find from the evidence that Leander Miller, at the time he made the exchange of mules mentioned in the evidence, made false representations relating to the qualities and conditions of the mule he was trading, and that relying upon such false representations the plaintiff was induced to part with the property in question, your verdict must be for the defendants."

"2. The court instructs the jury that the burden of proof is on the plaintiff and unless he has, by a preponderance of the evidence, established his title to the property by reason of the false representations referred to in instruction number 1 your verdict must be for the defendants."

Appellant's first refused instruction was a peremptory one, directing the jury to find the issues for the plaintiff. Where there is a conflict of testimony, as there was in this case, it is the duty of the trial court to submit the issue to the jury, and in such a case the appellate courts will not interfere. *Oglebay v. Corby*, 96 Mo. 285; *State v. Eisenhour*, 132 Mo. 140. Refused instructions numbers 3 and 4 asked by the appellant singled out each particular fact claimed to have been misrepresented by the defendant Leander Miller, and directed the jury to

find for plaintiff, if any one of them were INSTRUCTIONS. found to be untrue, but ignored the fact that such representations to entitle the plaintiff to recover, must have been relied upon by him. In this respect they were not in harmony with the other instructions, did not present correct legal propositions, and were rightfully refused.

Appellant contends that the declarations of Miller's hired hands, as to the disposition of the mule, should have been admitted as evidence. Such declarations would have been hearsay, and were for that reason properly excluded. The evidence of Kinder, as to a conversation with Proffer, about paying the witness to find out from the Hendricks' what they would swear about IMPEACHMENT of the mule, as explained by Proffer himself, witness. did not tend to impeach Proffer, or to reflect upon his integrity, and we are unable to perceive how the jury could have been prejudiced by this testimony as claimed by appellant. Time was given the appellant to file affidavits in support of his motion for new trial, in order to show misconduct of the jury. He filed the affidavits of two parties, who IMPEACHMENT of swear to conversations had with two of verdict. the jurymen after their discharge, which tended to show some misconduct on the part of the jury, after they had retired to consider of their verdict. It is well settled in this state that a juryman cannot be heard to impeach his verdict. What he can not do by his own affidavit, certainly can not be done at second hand by the affidavits of other parties; to the statements and declarations of the juryman made after his discharge. *State v. Swinney*, 25 Mo. App. 347; *Hanlon v. O'Keefe*, 38 Mo. App. 273; *State v. McNamara*, 100 Mo. 100, and numerous other cases not necessary to cite.

The appellant sets out in his motion for new trial, what he terms improper remarks and conduct, on the part of the trial judge, during the progress of the trial, prejudicial to the appellant; also remarks made by opposing counsel, in his argument to the jury, that were improper. No affidavits are filed in support of these statements, in the motion. This court can not, in the absence of any proof, assume that they are true because incorporated in the motion, nor does the bill of exceptions show that the alleged misconduct and remarks of the trial judge or improper language of the opposing counsel, in his argument to the jury, were objected to or any exceptions thereto saved. Without proof, and in the absence of any exceptions, we are not at liberty to further notice these grounds of complaint.

MOTION for new trial: improper remarks of court and counsel.

It is contended that the judgment in this case is not such an one as the court had authority to render, and the case of *Puller v. Thomas*, 36 Mo. App. 105, is cited as authority for this contention. In that case the defendant did not, in his answer, demand the return of the property; besides in that case the action was begun in the circuit court, whereas this one was brought before a justice of the peace, and is governed by the procedure before justices of the peace in this class of actions. Section 6190, Revised Statutes, 1889, authorized the judgment as rendered in this case. The defendants had, under this section, the right to elect which they would have, the specific property, or its assessed value. They chose the latter, in open court, and the court properly recorded this choice, and rendered judgment accordingly. The judgment should have been against the plaintiff, and his sureties on the replevin bond, but the plaintiff can not complain of

REPLEVIN: judgment: procedure under sec. 6190, R. S. 1889.

this omission, and as the defendants do not, the judgment, as rendered, is affirmed.

All concur.